8132

JONES v. BELLINGER.

TERMINATION OF LIFE ESTATE.—Where land is conveyed to one for life
and after death to the survivors of a class, but in case a creditor
of the life tenant should attempt to subject the life estate to the
payment of the debts of the life tenant, the life estate should ter-
minate and the remainder vest, upon threat of the mortgagee of
the life tenant to foreclose a mortgage on the life estate the
remainder vests immediately, contingent remainders also vesting
subject to being defeated by future contingencies.

Before SHIPP, J., Barnwell, December, 1911. Affirmed.

Action by Laura Bellinger Jones *et al.* against Melvina
Bellinger *et al.* The findings and conclusions of the master
are:

1—91

"That on the 11th day of October, A. D. 1892, one A. T. Woodward conveyed to the late Martin Bellinger and the defendant, Melvina Bellinger, the lot of land described in the complaint, upon the following limitations:

" 'To have and to hold all and singular the said premises unto the said Martin Bellinger and his wife, Melvina Bellinger, for and during their joint lives and after the death of either, then to the survivor for and during the balance of his or her life; and after the death of both, then to such child or children of the said wife by him begotten as shall be alive at the death of the said survivor and their heirs, any child or children of a predeceased child or children to take the share or shares to which he, she or they, would have been entitled had their parents survived said life tenant. Provided, nevertheless, that the power is hereby expressly granted the said life tenants by their joint deed, or in the case of the death of either, by the deed of the survivor, may sell and convey said premises in fee simple, reinvesting the proceeds thereof in real estate of like value, taking conveyances therefor having like trusts and limitations as are herein contained. And further provided that if at any time any creditor or creditors shall attempt to subject the life estate hereby conveyed to the payment of the debts of either of said life tenants, then and in that case the estate, right, title and interest shall immediately cease and determine, and all of his or her interest and estate herein shall pass and vest in the other life tenant of them living, and if dead, then the remainder shall vest immediately and absolutely in the remaindermen.'

"That Dr. Martin Bellinger, one of the life tenants, died about the year 1898, more than eight years ago, leaving surviving him the other life tenant, who was his wife, and their three children, who are the plaintiffs in this action. Only one of these children has married, and she, Mrs. Laura Bellinger Jones, has three children, the infant defendants

named in the complaint, each of whom is under the age of fourteen years, and appears in this action by his or her father, W. H. Jones, as his or her guardian *ad litem.*

"That on the 1st day of November, 1911, Mrs. Melvina Bellinger became indebted to Idis Brabham in the sum of five hundred dollars to be paid him December 1st, 1911, together with interest thereon, at the rate of eight per cent. per annum, and in order to secure the payment of said debt gave said Brabham a mortgage on the lot in question; and said Brabham now asks that the lot be sold in order to pay said debt, and for judgment for the amount thereof against Mrs. Melvina Bellinger.

"That upon the threat of Brabham to foreclose said mortgage the plaintiffs filed this complaint claiming that the interest and estate of Mrs. Melvina Bellinger in said lot had ceased, and that the title to said lot had thereupon become vested in the plaintiffs under the limitations contained in said deed.

"I conclude as matter of law, that the defendant, Idis Brabham, is entitled to judgment against the defendant, Melvina Bellinger, in the sum of five hundred and four and 33-100 dollars, including interest to the date of this report, at the rate of eight per cent. per annum.

"That in consequence of the threat and attempt of Idis Brabham to subject said lot to the payment of the debt due him by Mrs. Melvina Bellinger, under the provisions of the mortgage given by her, Mrs. Bellinger's interest and estate in said lot ceased and determined, and the title to said lot, became, under the terms of said deed, vested in the plaintiffs in fee.

"As said by the Hon. S. W. G. Shipp in the case of *Symmes* v. *Cauble* (affirmed in 85 S. C. 438, 439), 'the creditors had the right to terminate his (the life tenant's) estate, and that was the extent of their power. They had no right to make the estate or any part of it their own.'

"This construction of the clause in the deed is also sustained by the decisions in the leading case of *Heath* v. *Bishop,* 4 Rich. Eq. 523; *Howe* v. *Gregg,* 52 S. C. 91.

"Inasmuch as the deed provides that the life estate of Mrs. Bellinger shall immediately cease and determine upon the attempt of the creditor being made to subject the life estate to the payment of his debt, it at the same time provided, for the acceleration, and immediate vesting, of what would otherwise be contingent remainders in the plaintiffs until the death of their mother, liable to being defeated by their death before her.

"This is in accord with the general doctrine that the estate in remainder must vest immediately upon the termination of the life estate supporting it. *Geiger* v. *Brown,* 2 Strob. 259.

"If the estate in remainder were still contingent, it would fall with the supporting life estate.

"Hence my conclusion is that the estate in remainder vested in the children of Dr. and Mrs. Bellinger immediately upon the termination of the life estate in Mrs. Bellinger, to the exclusion of the grandchildren, infant defendants, and that the plaintiffs are entitled to the relief demanded in the complaint. As the plaintiffs receive the greater benefits under this litigation they should pay the costs of this action."

Defendants appeal.

*Mr. W. H. Townsend,* for appellants, cites: Rich. Eq. Cas. 220.

*Mr. G. Duncan Bellinger,* for infant appellants, cites: *Infant defendants are contingent remaindermen:* 10 S. C. 372, 376. *On the main question:* 99 Ill. 11; 97 Md. 679; 54 S. C. 513; 2 S. C. 78; 21 S. C. 530; 69 S. C. 469; 3 Metc. 155; 58 Ind. 101; 92 N. Y. 446.

*Mr. James H. Hammond,* contra, cites: Rich. Eq. Cas. 220; 74 Conn. 630; 76 Conn. 586; 47 Mo. 105; 4 Rich. 46; 52 S. C. 88; 85 S. C. 439; 29 Ala. 571; 4 Rich. Eq. 300; 1 At. R. 82; 172 U. S. 491; 35 S. C. 314.

March 12, 1912. The opinion of the Court was delivered by

Mr. Justice Watts. This is an appeal from a decree of Judge Shipp confirming in a short order the report of H. L. O'Bannon, Esq., master for Barnwell county, made in the above case. The report of master should be printed in the case.

For the reasons set out by the master in his able report we think there was no error in Judge Shipp's decree confirming the same, and adopt it as the decree and judgment of the Court, under the authorities quoted in said report and his conclusions.

The judgment of the Circuit Court is affirmed.