22094

Lilian L. HAMILTON, Appellant, v. GREYHOUND LINES EAST, Respondent.

(316 S. E. (2d) 368)

Supreme Court

*William Able,* Columbia, *for appellant.*

*George E. Lewis,* Columbia, *for respondent.*

Heard April 3, 1984.

Decided May 7, 1984.

LITTLEJOHN, Chief Justice:

On November 30, 1973, Greyhound Lines East, Defendant-Respondent, discharged Lillian L. Hamilton, Plaintiff-Appellant. On June 11, 1979, Appellant instituted this action seeking damages for breach of an employment agreement, wrongful discharge, and intentional infliction of emotional distress.

This appeal is from an order of the trial judge granting an involuntary non-suit without prejudice and from a second order refusing to set aside that order. We dismiss the appeal.

Appellant's original attorney surrendered his license to practice law shortly before a pre-trial conference scheduled for January 7, 1981. After the pre-trial conference, at which appellant was not represented by counsel, the trial judge issued an order on January 12, 1981, granting Respondent's motion for an involuntary non-suit without prejudice and giving Appellant thirty days to petition the court to set aside the order.

Appellant timely petitioned the court to set aside the order. A hearing was held on March 11, 1981, at which Appellant appeared pro se and fully argued her position. The trial judge refused to set aside the order of January 12. It was not until this time that counsel, now representing Appellant, was employed. This appeal followed.

The appealing party has the burden of furnishing a ■■ sufficient record from which this court can make an intelligent review. *Germain v. Nichol,* 278 S. C. 508, 299 S. E. (2d) 335 (1983). Appellant has failed to carry this burden. There simply is nothing before us from which we could conclude that the trial court should be reversed.

Appeal dismissed.

NESS, GREGORY, and HARWELL, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.