1128

William Douglas MEEK, Appellant v. Joann MEEK, Respondent.
(367 S. E. (2d) 704)

Court of Appeals

*Timothy L. Brown,* Greenville, *for appellant.*

*C. E. Smith,* Greenville, *for respondent.*

Heard Feb. 22, 1988.

Decided April 4, 1988.

CURETON, Judge:

The parties to this appeal were divorced in Texas in 1985. By agreement of the parties, the mother received custody of the child who is now nine years of age. After the divorce, the mother and child moved to South Carolina. The father petitioned for a change of custody based upon changed circumstances. The trial court denied the father's custody request and he appeals. We remand for a redetermination of the best interest of the child based on present circumstances.

The father petitioned the family court for a change of custody due to changed circumstances. Among the circumstances he claims have changed since the parties' divorce are: (1) he has remarried and can provide a stable family life for his son; (2) his economic situation is superior to the mother's; (3) the mother is living with a man whose character and morals are not in the best interests of the child; (4) the mother has denied him telephonic visitation with his son; and (5) the mother is now working and unavailable to furnish full-time care to the child. The mother denies these assertions and counterclaimed to have the father held in contempt of court for failure to timely make child support payments.

After hearing the evidence and interviewing the child, the trial judge found *inter alia;* (1) the mother had poisoned the child's mind against the father to the point it would be traumatic to change custody at that time; (2) the mother had unjustifiably interfered with the father's established telephone visitation with his son; (3) the mother's living

environment had completely changed since the divorce; (4) the mother's new husband, Richard Blackwell, had been convicted of sexual abuse of a female child; and (5) the mother had placed an undue burden upon the child by telling him "he is all she has" and making the child "feel responsible for bills and for her troubles."

In a temporary order, the trial court held that it would not change custody, but ordered the mother and child to undergo counseling. Counseling for the son was to focus on rehabilitating "the child's present mind." Mr. Blackwell[1] was ordered to be "fully evaluated" by a psychiatrist and the South Carolina Department of Mental Health and a report furnished the court "within thirty (30) days with the specific question being answered as to whether or not there is any risk of likelihood of any possible sexual abuse occurring to the minor child...."

The standard for determining whether custody should be changed is whether there is a substantial change in circumstances affecting the welfare of the child. *Pinckney v. Hudson*, 364 S. E. (2d) 462 (S. C. 1988).

There appear in the record reports of evaluation of the mother and Mr. Blackwell. However, the evaluations are inconclusive, and indicate the therapist could not preduct whether Mr. Blackwell "would ever sexually abuse another child." The record contains no report of evaluation of the child. The final order dated some six months after the temporary custody order simply confirms custody in the mother without discussion, except to state "[t]he court has received psychological reports as attached hereto and after reviewing the same is of the opinion the order as issued should stand and should become final."

It is clear from reading the trial judge's temporary order he concluded it would not be in the best interest of the child to change custody at the time the first order was entered because it would be too traumatic. The father asserts there is no basis in the record for such a finding. We agree. Our review of the record reveals no direct evidence that trauma would result from a change of custody. Nevertheless, we recognize the trial judge had the benefit of an interview

---

[1] The mother apparently married the man she allegedly was living with.

with the child, tapes of telephone conversations between the father and the child and apparently a psychological evaluation of the child. The record on appeal does not contain any indication of the information the tapes contain, or what information, if any, the court may have relied upon from the interview with the child. Additionally, no psychological report of the child is in the record. Because of the absence of this evidence from the record and because we think it implicit the trial judge relied on some of this information to deny custody to the husband, we hold the record inadequate to make an informed decision on the question of change of custody. *Cf. Hamilton v. Greyhound Lines East*, 281 S. C. 442, 316 S. E. (2d) 368 (1984).

Ordinarily, we would dismiss an appellant's appeal where he fails to present an adequate record on appeal. *See Hamilton v. Greyhound, supra; Germain v. Nichol*, 278 S. C. 508, 299 S. E. (2d) 335 (1983). However, in view of the nature of this case, the failure of the trial judge to make specific findings of fact in his final order, and because we think there may be merit to the father's position, we remand for a redetermination of whether the father has shown a substantial change of circumstances affecting the best interests of the child. We also note the record may not now reflect the present relationship between the father and the child. On remand, the trial court may take such additional testimony and order such additional evaluation of the parties, the child, and Mr. Blackwell as it deems appropriate.

Remanded.

SHAW, and GOOLSBY, JJ., concur.