1337

L. N. COOK, JR., Appellant v. Fletcher ELLER, Pearl Eller, Leroy Hurley, J. R. Hurley and Margaret C. Hurley, Respondents.

(380 S. E. (2d) 853)

Court of Appeals

*J. Michael Turner*, Laurens, *for appellant.*

*Thomas B. Brissey*, Greenville, *for respondents.*

Heard April 17, 1989.

Decided May 15, 1989.

CURETON, Judge:

The parties in this case dispute ownership of a 6.57 acre tract of land in Laurens County, South Carolina. Cook appeals the decision of the trial judge determining title to be held by the Ellers and the Hurleys. We affirm.

Cook claims ownership through a chain of title in his family dating back over one hundred years. He specifically relies upon a 1909 deed devising forty-five and one-half acres to his grandmother, Mittie Cook. The deed references a survey prepared by John Hudgens. The plat outlines a forty-five and one-half acre tract. This plat was never recorded but was passed down from Cook's grandmother. Cook asserts the area in dispute is within this tract.

The Ellers and Hurleys trace their title to a common grantor, W. Frank Smith. The trial court's order indicates the Ellers' deed from Smith in 1962 described the property by metes and bounds which included the property in dispute. The order finds "[w]hen this property was purchased by Eller, a survey was made and recorded and the Eller chain reflects by metes and bounds the inclusion of the disputed property. This chain goes back through the property of W. Frank Smith and all the way back for more than sixty years. The Hurley title is also through the Smith chain and is almost identical to the Eller chain."

As phrased in the trial court's order "[t]he controversy rests solely on the fact that Cook claims ownership through deeds in his family which date back over a hundred years and on two unrecorded plats ... Eller and Hurley base ownership on fee simple warranty deeds obtained from Smith and from the Smith chain describing said property by metes and bounds and by surveys which they obtained." In deciding in favor of Eller and Hurley the court noted the difficulty of tracing ownership by metes and bounds in the Cook chain. The trial judge resorted to other areas to decide the issue. He found physical possession of the land had been exercised by Eller and Hurley and they had been paying taxes on it. Further, he found it significant Eller and Hurley were owners of a small portion of land of which this tract

was the bulk while Cook owned a large tract of land. The decision appears to rest on three grounds which are that Eller and Hurley (1) are owners by virtue of fee simple warranty deeds from their predecessors; (2) are bona fide purchasers for value without notice of Cook's claim; and (3) have adversely possessed the property.

There is some confusion as to the nature of this suit. The Statement of the case refers to it as an action to quiet title. However, the real question is who has title to the real estate. Such a determination is a legal issue. *Wigfall v. Fobbs*, 295 S. C. 59, 367 S. E. (2d) 156 (1988). In a law case tried by the judge without a jury the standard of appellate review is limited to a correction of errors of law and a determination if there is any evidence to support the factual findings of the trial judge. *Id.; Patterson v. I. H. Services Inc.*, 295 S. C. 300, 368 S. E. (2d) 215 (Ct. App. 1988).

As to the finding of adverse possession, the record does not support the award of title to Eller and Hurley under this theory. The record shows Eller and Hurley claim ownership of the property primarily by virtue of their chain of title. We find no evidence of hostile possession. Their possession of the land was under the mistaken belief they owned it; such is insufficient to establish hostility. *Brown v. Clemens*, 287 S. C. 328, 338 S. E. (2d) 338 (1985); *Lusk v. Callaham*, 287 S. C. 459, 339 S. E. (2d) 156 (Ct. App. 1986).

The trial court concluded Eller and Hurley were bona fide purchasers for value without record notice of the Cook claim. This holding appears to be based upon the fact the ancient plats relied upon by Cook were unrecorded. This conclusion does not answer the fundamental question of whether W. Frank Smith, Eller's and Hurley's grantor, ever had title to the property in question. An individual cannot claim bona fide purchaser status if his grantor never had title to the property.

The posture of the record on appeal as it pertains to documentary evidence of title is limited. The record contains a deed to Mittie O. Cook, Cook's predecessor in title, dated December 29, 1909, which conveys forty-five and one/half acres of land. This deed refers to a survey done by John M. Hudgens but does not refer to the survey date. The record

also contains a plat prepared by John M. Hudgens dated August 10, 1900, showing forty-five and one/half acres of land allocated to Mittie O. Cook. Cook claims the southeast corner of the property as depicted on this plat is the tract in dispute. Finally, the record contains a plat prepared for Cook in 1981 which shows the disputed property by broken lines. The record also shows that abstracts of title, plats, and deeds were introduced into evidence in support of the respondents' claim of title but none of these documents are in the record on appeal. Moreover, testimony in the record does not explain in sufficient detail the content of these documents.

The trial judge concluded "Eller and Hurley are the owners of the property in question by virtue of good, fee simple, warranty deeds obtained by their predecessors in title." On appeal there is a presumption in favor of the correctness of a decree and the burden of showing error by the trial judge is on the appellant. *Dicks & Gillam, Inc. v. Cleland*, 295 S. C. 124, 367 S. E. (2d) 430 (Ct. App. 1988).

The controversy in this case boils down to who has the better claim of title by virtue of their chain of title. While Appellant—Cook has been careful to ensure that the documentary evidence on which he supports his claim to title is in the record he also has the burden of showing that the evidence on which the respondents rely is insufficient as a matter of law to sustain their title. Without the documentary evidence noted above we simply do not have the same evidence before us as did the trial judge. Cook has thus failed to meet his burden of providing this court with a sufficient record to enable us to make a proper decision. We therefore affirm the trial judge. *Hamilton v. Greyhound Lines East*, 281 S. C. 442, 316 S. E. (2d) 368 (1984).

Affirmed.

GARDNER and GOOLSBY, JJ., concur.