THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jara Uzenda, Appellant,
v.
Nancy and Michael Pittman, Christopher Hanna, Perry P. Reynolds and Scott
Gobbi, Respondents.
 
 
 

Appeal From Horry County
 Edward B. Cottingham, Circuit Court Judge
 James E. Brogdon, Jr., Circuit Court Judge

Unpublished Opinion No.2006-UP-313
Submitted March 1, 2006  Filed July 20, 2006   

AFFIRMED

 
 
 
Jara Uzenda, of Myrtle Beach, pro se.
Natasha M. Hanna, of Myrtle Beach for Respondent Christopher Hanna; and Russell V. Traw, of Myrtle Beach, for Respondents Nancy and Michael Pittman.
 
 
 

PER CURIAM: In this action by Jara Uzenda[1] for breach of trust with fraudulent intent, fraudulent conveyance, conspiracy, intentional infliction of emotional distress, unjust enrichment, and breach of contract, the circuit court granted summary judgment to Christopher Hanna and Nancy and Michael
 Pittman, and granted motions to dismiss as to both Scott Gobbi and Perry P. Reynolds.  Uzenda appeals.  We affirm. [2] 
FACTS
In December 1999, Gobbi signed an exclusive right to sell agreement with Realty One for the sale of property he owned at 407 Chesterfield Court.  On January 7, 2000, Uzenda and Gobbi signed a contract (the Contract) to sell Unit 67 at 407 Chesterfield Court (the Property) to the Pittmans, with closing to occur on January 28, 2000.  The Pittmans agreed to pay $83,400 for the Property.  In addition, Uzenda signed a disclosure form consenting to Hanna, a real estate agent for Realty One, acting as a dual agent in the transaction.  Reynolds subsequently appraised the Property at $83,500.  
On January 28, 2000, Uzenda informed Gobbi, the Pittmans, and Hanna that she would not close on the Property for a variety of reasons, including past flooding problems and an existing lawsuit.  On the same date, the Pittmans signed an addendum to the Contract acknowledging they were made aware of these problems.  Furthermore, Gobbi entered into an agreement giving the Pittmans permission to occupy the Property rent-free beginning on January 28, 2000.[3]  
In June, in an action separate from the present one, Gobbi sought and obtained an order of the family court requiring Uzenda to convey the Property to the Pittmans.  In August, Uzenda was held in contempt of this order, and subsequently conveyed the Property as a gift to Gobbi.  In the meantime, the Pittmans found another property to purchase and eventually vacated the Property.  A mortgage holder subsequently foreclosed on the Property, and the Property was sold in a foreclosure sale.  
In November, Uzenda filed a complaint in circuit court against the Pittmans, Hanna, Gobbi, and Reynolds alleging breach of trust with fraudulent intent, fraudulent conveyance, conspiracy, intentional infliction of emotional distress, unjust enrichment, and breach of contract.  In February 2001, Uzenda made a written motion to join her action in magistrates court against the Pittmans with the current action.  
The Honorable Judge James E. Brogdon, Jr. granted summary judgment to Hanna on October 26, 2001.  Uzenda filed a motion to alter or amend this order.  In December, Judge Brogdon denied Uzendas motion to alter or amend, and Uzenda filed a second motion to alter or amend.  Judge Brogdon also denied this motion.  Also in December, Judge Brogdon granted the motions to dismiss under Rule 12(b)(5) and (6), SCRCP, of both Gobbi and Reynolds.  
In July 2003, Uzenda and the Pittmans exchanged discovery requests.  On August 26, 2003, the Pittmans served Uzenda with a motion for summary judgment.  In January 2004, Uzenda made a written motion to postpone the hearing of the pending motions in front of Judge Edward B. Cottingham because, she alleged, a motion to reconsider was outstanding in front of Judge Brogdon.  Judge Cottingham held a hearing and granted Uzendas motion, believing her allegation to be true. Judge Cottingham subsequently determined that he did in fact have jurisdiction over the matter and a new hearing was scheduled.  At the outset of the hearing, Uzenda moved to have the current case consolidated with the pending magistrates action, which Uzenda alleged was on appeal to the circuit court after a ruling in favor of the Pittmans.  Judge Cottingham denied the motion.  On February 4, 2004, Judge Cottingham granted summary judgment to the Pittmans.  Uzenda filed a motion for reconsideration of this order, which Judge Cottingham denied.    This appeal followed.
LAW/ANALYSIS
I. Jurisdiction
Uzenda argues Rule 43(l), SCRCP, prevented Judge Cottingham from ruling on a matter in a case in which Judge Brogdon heard motions.  We disagree.
Rule 43(l), SCRCP, provides:  [i]f any motion be made to any judge and be denied, in whole or in part, or be granted conditionally, no subsequent motion upon the same state of facts shall be made to any other judge in that action.  In this case, Judge Cottingham did not hear or decide any motion that was denied or conditionally granted by Judge Brogdon.  Therefore, Rule 43(l) did not preclude Judge Cottingham from ruling on all motions before him.
II. Magistrates court action
Uzenda argues the trial court did not have jurisdiction to hear the Pittmans motion for summary judgment because her claims for ejectment and back rent had been decided by the magistrates court.  Uzenda did not provide a sufficient record on appeal for this court to determine whether any issue ruled upon by the trial court was heard before the magistrate.  See Hamilton v. Greyhound Lines E., 281 S.C. 442, 444, 316 S.E.2d 368, 369 (1984) (The appealing party has the burden of furnishing a sufficient record from which this court can make an intelligent review.).  
Uzenda also argues the trial court erred in failing to consolidate the present action with an appeal from the magistrates court involving the Pittmans.  Specifically, Uzenda argues the trial court should consolidate these actions under Rule 18(b), SCRCP.  We disagree.
Consolidation is within the broad discretion of the trial court.  The moving party has the burden of persuading the court that consolidation is desirable.  An appellate court will not disturb a trial courts ruling on a motion to consolidate absent an abuse of discretion.  Keels v. Pierce, 315 S.C. 339, 342, 433 S.E.2d 902, 904 (Ct. App. 1993) (internal citations omitted).
Rule 18(b) provides:

Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money.

In this case, Uzenda sets forth no reason why her present claim is cognizable only after her appeal from magistrates court is prosecuted to its conclusion.  Therefore, we hold the trial court did not abuse its discretion in denying Uzendas motion to consolidate.
III. Summary Judgment for Hanna and the Pittmans
Uzenda argues the trial court erred in granting Hanna and the Pittmans motions for summary judgment.  We disagree.  
A. Notice of Summary Judgment
Initially, Uzenda argues she did not have sufficient notice of summary judgment as to either Hanna or the Pittmans.  We hold Uzenda received proper notice of summary judgment as to both Hanna and the Pittmans.  If, on a motion . . . to dismiss for failure of the pleading to state facts sufficient to constitute a cause of action, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.  Rule 12(b), SCRCP.  Rule 56(c), SCRCP, provides a motion for summary judgment must be served at least ten days prior to the time fixed for the hearing.  
Rule 12(b)(6), SCRCP, specifically provides for conversion, provided the parties, upon compliance with the notice provisions of Rule 56, are afforded a reasonable opportunity to introduce evidentiary matters.  Johnson v. Dailey, 318 S.C. 318, 321, 457 S.E.2d 613, 615 (1995).  In Dailey, the South Carolina Supreme Court held that when outside materials are attached to a motion under Rule 12(b)(6), SCRCP, and the outside materials are referred to in the motion, a party is put on notice that the motion will be one for summary judgment.  Id.; see also, Martin v. Companion Healthcare Corp., 357 S.C. 570, 575, 593 S.E.2d 624, 627 (Ct. App. 2004).  Uzendas pro se status does not alter the rule set forth in Dailey.  A pro se litigant assumes responsibility of complying with all procedural and substantive requirements.  State v. Burton, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003) (A pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law.).
Hanna filed a motion to dismiss, attaching to it matters outside the pleadings, on December 27, 2000, and the trial court held a hearing on June 20, 2001.  Therefore, we hold under Dailey Uzenda had sufficient notice Hannas motion would be converted to one for summary judgment.  In addition, with respect to the Pittmans motion, Uzenda had over four months notice of the motion, which was partly captioned FOR SUMMARY JUDGMENT.  Accordingly we find no error in the trial court hearing the motions for summary judgment.  
B. Sufficient Discovery
Uzenda argues the trial court erred in granting summary judgment to both Hanna and the Pittmans because she did not have sufficient time to conduct discovery.  We disagree.
Summary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery.  Baughman v. Am. Tel. & Tel. Co., 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991).  In Baughman, the Supreme Court of South Carolina expressly cited two factors to be considered in determining whether the party opposing summary judgment has had a full and fair opportunity to complete discovery.  First, the party must demonstrate a likelihood that further discovery will uncover additional evidence relevant to the issue . . . and they are not merely engaged in a fishing expedition.  Id. at 112, 410 S.E.2d at 543.  Second, the party must demonstrate it was not dilatory in seeking discovery on the particular issue.  Id. at 113, 410 S.E.2d at 544.  
With respect to both Hanna and the Pittmans, Uzenda argues she is entitled to discovery and the information discovered will support the allegations of her complaint.  However, she does not allege specifically what evidence, if any, she seeks.  As Uzenda has failed to demonstrate a likelihood that further discovery will uncover evidence relevant to the issue[,] we hold the trial court did not err in granting summary judgment without allowing for further discovery.  
C. Genuine Issues of Material Fact
Although Uzenda argues several procedural grounds for reversing the trial courts orders granting summary judgment to Hanna and the Pittmans, the only argument she makes with respect to whether there are genuine issues of material fact that would preclude summary judgment for either Hanna or the Pittmans is to restate the allegations in her complaint as a factual introduction to her procedural arguments.  She does not assert what causes of action, if any, she thinks are cognizable at trial, and she does not cite any case law in support of why the facts alleged, taken in a light most favorable to her, support a cause of action.  Therefore, Uzenda abandoned this issue on appeal with respect to both Hanna and the Pittmans.  See First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding when an appellant does not argue or provide supporting authority for his assertion, he abandons the assertion on appeal); R & G Constr., Inc. v. Lowcountry Regl Transp. Auth., 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) (finding that where no authority is cited and argument in brief is conclusory, issue is deemed abandoned).
IV. Gobbi and Reynolds[4]
Initially, Uzenda asserts she was not given sufficient notice of what motions Gobbi and Reynolds were making.  However, these motions are not included in the record, and the appealing party has the burden of furnishing a sufficient record from which this court can make an intelligent review.  Hamilton v. Greyhound Lines E., 281 S.C. 442, 444, 316 S.E.2d 368, 369 (1984).  
Uzenda next argues the trial court erred in granting the motions of both Gobbi and Reynolds for insufficiency of service of process.  We disagree.
Rule 4(d)(8), SCRCP, provides service of process may be made on individuals by registered or certified mail, return receipt requested and delivery restricted to the addressee.  Uzendas certificate of service with respect to her complaint provides she served Gobbi and Reynolds by delivering said documents to [them] at their appropriate addresse[s] via facsimile and by certified mail.  Uzenda has not produced evidence she requested return receipt or restricted delivery to the addressee.  Therefore, we find the trial court properly held Uzenda failed to effect service of process on Gobbi and Reynolds.
CONCLUSION
We hold Judge Cottingham had jurisdiction to hear the motions before him.  The trial court did not abuse its discretion in denying Uzendas motion to consolidate the present case with an appeal from a magistrates action against the Pittmans.  We further hold Uzenda had proper notice of all motions and the trial court properly granted Hannas motion for summary judgment, the Pittmans motion for summary judgment, Gobbis motions to dismiss, and Reynolds motions to dismiss.  Therefore, the orders of the trial court are
 AFFIRMED.
HUFF, STILWELL, and CURETON, JJ., concur.  

[1]Although the current status of the relationship is unclear, Jara Uzenda is or was married to Scott Gobbi, and is referred to in the record as both Jara Uzenda and Jara Uzenda Gobbi.  For our purposes, she will be referred to as Uzenda.
[2] We decide this case without oral arguments pursuant to Rule 215, SCACR.
[3]Uzenda later filed an action for ejectment against the Pittmans in magistrates court.  
[4] Gobbi and Reynolds did not file timely briefs on appeal.  However, we deem it proper to address this issue on appeal.  See Rule 208(a)(4), SCACR (Upon failure of respondent to timely file a brief, the appellate court may take such action as it deems proper.).