THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Willie J. Bennett Appellant,
 v.
 Tommy Wilson Respondent,
 
 
 

Appeal From Richland County 

 Reginald L. Lloyd, Circuit Court Judge
Unpublished Opinion No. 2007-UP-332
Submitted May 1, 2007  Filed June 27, 2007
AFFIRMED

 
 
 
 Willie J. Bennett, of Hopkins, Pro Se.
 No Respondent brief filed.
 
 
 

PER CURIAM:  Willie J. Bennett appeals a circuit court order remanding his case for a new trial.  In his brief, Bennett argues that:  (1) the property Tommy Wilson left at his residence should have been found abandoned, (2) the magistrate court erred in reducing Bennetts award of damages on remand, and (3) Wilson fraudulently and illegally entered into a contract without the required licenses and surety bonds.  We affirm.
FACTS
Bennett contracted with Wilson to make repairs on Bennetts home for $7,000 in total.  Wilson claimed he and his subcontractor were insured and bonded by the state and local municipalities to perform all necessary work.  Wilson provided Bennett documentation in support of this claim.  Bennett paid Wilson $3,250 by check in advance, and agreed to pay the remaining contract balance upon completion.  However, Wilson only appeared at Bennetts house for one day of work and did not return thereafter.  Wilsons subcontractor began painting Bennetts home on April 9, 2002, but failed to do the proper prep work. 
 
As a result, Bennett contacted the South Carolina Residential Builders Commission Program Coordinator, who investigated the matter and determined that Wilson and his subcontractor were not properly bonded or licensed to perform contract work with a cost greater than $4,999. The coordinator thus issued a cease and desist order to Wilson and his subcontractor. 
 
Bennett made numerous phone calls and sent three certified return receipt letters to Wilson requesting that he retrieve the equipment he left behind.  Wilson never did so, and Bennett disposed of the equipment.
Bennett filed a complaint in the magistrate court to recover damages associated with Wilsons incomplete work.  A non-jury trial was held at which both parties appeared pro se.  The magistrate ordered that Wilson pay Bennett $5,000 in damages, including $325 in punitive damages, plus $55 in costs.  Wilson appealed to the circuit court, which remanded the case to the magistrate court.  The magistrate court order dated July 15, 2004, awarded Bennett judgment in the amount of $3,000 plus $55 in costs.  Both parties appealed from this decision, but Bennetts appeal was dismissed.  The second appeal to the circuit court culminated in yet another remand to the magistrates court for a new trial.  This appeal followed.
STANDARD OF REVIEW
A circuit court sitting in an appellate capacity in a civil case from the magistrate has the ability to make a determination in the same manner as the circuit court in trials without a jury and to reverse for errors of fact even though the circuit court did not have the opportunity to observe witness demeanor.  Vacation Time of Hilton Head Island, Inc., v. Kiwi Corp., 280 S.C. 232, 234, 312 S.E.2d 20, 21 (Ct. App. 1984).  On review from the circuit court, the appellate court is without authority to reverse findings of fact of the circuit court if there is any supporting evidence.  Southeastern PVC Pipe, Mfg. Inc. v. Rothruck Const. Co., Inc., 280 S.C. 498, 500, 313 S.E.2d 50, 52 (Ct. App. 1984).
LAW/ANALYSIS
Bennett appeals the circuit court order remanding this case for a new trial.  We affirm.
On appeal there is a presumption in favor of the correctness of a decree, and the burden of showing error by the circuit court is on the appellant.  Snyders Auto World, Inc. v. George Coleman Motor Co., Inc., 315 S.C. 183, 186, 434 S.E.2d 310, 312 (Ct. App. 1993); Cook v. Eller, 298 S.C. 395, 398, 380 S.E.2d 853, 855 (Ct. App. 1989).  In this matter, Bennetts arguments do not contain allegations of any error on the part of the circuit court; rather, Bennett merely argues the merits of the case as if he were before the circuit court on remand.  Bennett seeks reinstatement of the damage award from the original hearing, minus the punitive damages that were later overturned, plus additional costs, for a total of $4,936.  The new trial ordered will provide Bennett the opportunity to prove his case and damages.  
 
Moreover, Bennett fails to provide a sufficient record for this appeal.  The record includes no transcript of the circuit court hearing.  The order in the record, a Form 4 order, contains no findings of fact or conclusions of law.[1]  Therefore the record before this court does not allow for competent review of any proceeding, and contains insufficient evidence to support Bennetts arguments.  Helms Realty, Inc. v. Gibson-Wall Co., 363 S.C. 334, 339, 611 S.E.2d 485, 488 (2005) (holding that the appealing party has the burden of providing a sufficient record).  Based on this record, we can find no error on the part of the circuit court.
CONCLUSION
Based on the foregoing, we find the trial court did not err in remanding this case to the magistrates court for a new trial. Accordingly, the circuit court order is
AFFIRMED.
HEARN, C.J., and GOOLSBY and KITTREDGE, JJ., concur.

[1] It is merely a form order stating the appeal is remanded to the magistrates court for a new trial.