**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

June H. White, as Operating Member of Chauga Creek Retreat, Respondent,

v.

Marilyn Green, Appellant,

June White, Individually and as Owner/Operator of Mountain Rest Campground, William H. White, Individually and as Owner/Operator of Hilltop Bike Park, James Edward (Ed) Walker, Respondents.

Appellate Case No. 2018-000984

———————

Appeal From Oconee County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-083
Submitted February 1, 2021 – Filed March 17, 2021

———————

**AFFIRMED**

———————

Roberta Elizabeth Barton, of Roberta Barton Law, Ltd. Co., of Seneca, for Appellant.

June White, of Mountain Rest, pro se.

William H. White, of Sarasota, Florida, pro se.

James Edward Walker, of Mountain Rest, pro se.

———————————

**PER CURIAM:**  Marilyn Green appeals the trial court's order finding an easement existed on her property.  On appeal, Green argues the trial court erred by (1) treating two easements as one easement, (2) finding Green had constructive knowledge of the easement, and (3) failing to address the issues surrounding the boundary line dispute.  We affirm.

Green has failed to provide this court with a sufficient record from which it could conduct an intelligent review.  *See Hamilton v. Greyhound Lines E.*, 281 S.C. 442, 444, 316 S.E.2d 368, 369 (1984) ("The appealing party has the burden of furnishing a sufficient record from which this court can make an intelligent review.").  Green only provided this court with sixteen pages of the trial transcript, which is at least eighty-two pages long.  Although an appellant is not required to furnish a full trial transcript to this court, in this instance, the nonsequential pages have resulted in disjointed testimony wherein this court is unable to decipher which of the witnesses is testifying or which of the exhibits are being discussed in the testimony on the few pages provided.  Furthermore, the reproduced copies of the exhibits in the record are illegible.   This court sent a deficiency letter on March 21, 2019, noting the "[i]mages of reproduced documents [in the record on appeal] beginning with page 50 are not legible.  These documents will need to be resubmitted in a format that is legible and complies with the requirements of Rule 267, SCACR."  Green never responded or corrected the deficiency.  Because the limited testimony provided is disjointed, it does not identify who is testifying, and the exhibits are not legible, Green has failed to provide this court with a sufficient record upon which it could conduct an intelligent review.  Therefore, we decline to address the merits of Green's issues and affirm the trial court's order.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

———————————

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.