**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lyle Wilson Fairey, Jr., Appellant,

v.

Joy A. Gillespie, as Personal Representative of the Estate of Martha Ann Fairey Gillespie, Respondent.

Appellate Case No. 2021-000787

―――――――――――

Appeal From Orangeburg County
James B. Jackson, Jr., Special Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2023-UP-215
Submitted May 18, 2023 – Filed May 31, 2023

―――――――――――

**AFFIRMED**

―――――――――――

Russell Allen Blanchard, IV, of Williams & Williams, of Orangeburg, for Appellant.

Robert F. McCurry, Jr., of Horger, Barnwell & McCurry, LLP, of Orangeburg, for Respondent.

―――――――――――

**PER CURIAM:** Lyle Wilson Fairey, Jr., appeals a circuit court order finding his sister, Martha Ann Fairey Gillespie (Martha), owned a certain property bequeathed to her by their mother, Catharine Inabinet Fairey (Catharine), in fee simple at the time of her death, and Joy A. Gillespie, as personal representative of Martha's

estate (Estate), properly included that property as an asset of Estate in her inventory to the probate court. On appeal, Fairey argues the circuit court erred by (1) relying on language in Catharine's will instead of the Deed of Distribution to determine Martha's interest in the property; (2) finding the probate court had subject matter jurisdiction; and (3) determining Martha owned a fee simple interest in the property at the time of her death.

Catharine died testate on July 31, 2003. In her will, she left a 9.7-acre tract of land in Orangeburg County to Martha via the following bequest:

> I give and devise unto my daughter, Martha Ann Fairey Gillespie, subject to the following conditions, for and during the term of her natural life and after her death to my grandson, Mark Allen Gillespie, if he shall survive her, the [9.7 acres]. If my said daughter shall die and at the time of her death be married to Henry L. Gillespie and not survived by Mark Allen Gillespie, I give and devise said real estate unto my son, Lyle Wilson Fairey, Jr. If during my daughter's lifetime she shall become the widow of Henry L. Gillespie, then I direct that this gift of real estate to my said daughter shall be in fee simple.

Fairey served as the personal representative of Catharine's estate and hired an attorney to prepare a Deed of Distribution for the 9.7-acre property, which was filed on February 4, 2005. The Deed of Distribution stated the property was granted to Martha "for her lifetime; remainder unto Mark Allen Gillespie, if he survives; contingent remainder unto L. Wilson Fairey, Jr." The deed did not include language recognizing the third contingency by which Martha could take in fee simple.

Henry Gillespie died in 2012. Mark Allen Gillespie died on December 20, 2014, predeceasing Martha by twenty-four days. Martha died on January 13, 2015.

1. We hold the circuit court did not err in finding the probate court had subject matter jurisdiction, and in any event, neither the circuit court's, nor the probate court's order mentions the Deed of Distribution, much less alters it.[1] *See* S.C. Code

---

[1] We begin with subject matter jurisdiction because the argument would be dispositive if this court accepted Fairey's argument.

Ann. § 62-1-302(a) (2022 & Supp. 2022) (stating "the probate court has exclusive original jurisdiction over all subject matter related to: (1) estates of decedents, including the contest of wills, construction of wills, determination of property in which the estate of a decedent or a protected person has an interest, and determination of heirs and successors of decedents and estates of protected persons"); *Est. of Stanley v. Sandiford*, 287 S.C. 148, 151, 337 S.E.2d 248, 250 (Ct. App. 1985) ("The administration of an estate entails collection of the decedent's personal property and the distribution of it to those entitled to it."); *id.* ("Plainly, under long established case law, the probate court is required to identify the assets in the estate . . . .").

2. We hold the circuit court did not err in looking to the language of Catharine's will, rather than the Deed of Distribution, in determining what interest Martha had in the 9.7-acre property at her death because the Deed of Distribution did not transfer title to the property and was inconsistent with the terms of Catharine's will. *See Holcombe–Burdette v. Bank of Am.*, 371 S.C. 648, 654, 640 S.E.2d 480, 483 (Ct. App. 2006) ("An appellate court's determination of the standard of review for matters originating in the probate court is controlled by whether the cause of action is at law or in equity."); *id.* ("The construction of a will is an action at law."); *Bennett v. Invs. Title Ins. Co.*, 370 S.C. 578, 589, 635 S.E.2d 649, 655 (Ct. App. 2006) ("The construction of a clear and unambiguous deed is a question of law for the court."); *Osterneck v. Osterneck*, 374 S.C. 573, 577, 649 S.E.2d 127, 129 (Ct. App. 2007) ("The determination of who has title to real estate is a legal issue."); *Neely v. Thomasson*, 365 S.C. 345, 349-50, 618 S.E.2d 884, 886 (2005) ("When a probate court proceeding is an action at law, the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them."); *id.* at 350, 618 S.E.2d at 886 ("Questions of law, however, may be decided with no particular deference to the lower court[s].").  Although a devisee's title to real property remains subject to the personal representative's administration of the estate, the personal representative never takes title to the devised real property when the bequest is made to a specific devisee; thus, whatever interest Martha had in the property at Catherine's death vested in her automatically, and Fairey never held the title as the personal representative of Catharine's estate.  *Compare* S.C. Code Ann. § 62-3-907(B) (2022) (explaining that when a decedent "devises real property to a distributee, the personal representative's execution of a deed of distribution of real property constitutes *a release of the personal representative's power over the title* to the real property" (emphasis added)), *with* S.C. Code Ann. § 62-3-907(C) (2022) (stating that when a decedent "devises real property to a personal representative . . . the personal representative's execution of a deed of distribution of the real property

*constitutes a transfer of the title* to the real property from the personal representative to the distributee, as well as a release of the personal representative's power over the title" (emphasis added)); *see also* S.C. Code Ann. § 62-3-101 (2022) (stating that "[u]pon the death of a person, his real property devolves to the persons to whom it is devised by his last will"). Moreover, the Deed of Distribution was improper because it failed to fully state the provisions of Catharine's will—namely, the third clause by which Martha could acquire title in fee simple. *See* § 62-3-907(B) ("The deed of distribution affords the distributee . . . the protection provided in [s]ection[] 62-3-908 . . . ."); S.C. Code Ann. § 62-3-908 (2022) (explaining a deed of distribution is improper in "those instances where . . . [it] is found to be inconsistent with the provisions of the will").

3. We hold the circuit court did not err in determining Martha held the 9.7 acres in fee simple at her death because she became Henry Gillespie's widow during her lifetime and Mark did not survive her, and she was not required to take any affirmative steps to confirm her ownership. *See Osterneck*, 374 S.C. at 577, 649 S.E.2d at 129 ("The determination of who has title to real estate is a legal issue."); *id.* ("In a law case tried by the judge without a jury the standard of appellate review is limited to a correction of errors of law and a determination if there is any evidence to support the factual findings of the trial judge." (quoting *Cook v Eller*, 298 S.C. 395, 397, 380 S.E.2d 853, 854 (Ct. App. 1989))); *Rogers v. Rogers*, 221 S.C. 360, 367, 70 S.E.2d 637, 640 (1952) ("[I]n the construction of a will all of the provisions are to be considered and given effect so far as possible, and the true intent gathered from the four corners of the instrument."); *Pearson v. Easterling*, 107 S.C. 265, 270, 92 S.E. 619, 621 (1917) (explaining that "if the question is which of two estates *shall become* vested, then such estates will be construed as remainders, alternative or substitutional in their nature; and such remainders are always *contingent*" (quoting *Rutledge v. Fishburne*, 66 S.C. 155, 160, 44 S.E. 564, 566 (1903))); *McCreary v. Coggeshall*, 74 S.C. 42, 58, 53 S.E. 978, 983 (1906) ("[T]he law holds it to be practically possible for one person to be the owner of a separate life estate and of the fee at the same time, though this is technically impossible, in order to save the contingent remainder and thus give effect to the intention of the testator or grantor, as expressed in the will . . . ."); *Jones v. Bellinger*, 91 S.C. 1, 4, 73 S.E. 1049, 1050 (1912) ("[T]he estate in remainder must vest immediately upon the termination of the life estate supporting it.").

**AFFIRMED.**[2]

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and VINSON and VERDIN, JJ., concur.**