**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services and Tara Parker, Respondents,

v.

Daniel Smalls, Appellant.

Appellate Case No. 2023-001195

Appeal From Beaufort County
Douglas L. Novak, Family Court Judge

Unpublished Opinion No. 2025-UP-163
Submitted April 1, 2025 – Filed May 14, 2025

**AFFIRMED**

Daniel Smalls, of Beaufort, pro se.

Paul Fredrick LeBarron, of North Charleston; and Harry O. Shaw, III, of Charleston, both for Respondent South Carolina Department of Social Services.

Tara Parker, of Beaufort, pro se.

**PER CURIAM:** Daniel Smalls, pro se, appeals a family court order establishing his paternity of Tara Parker's minor child (Child) and ordering he pay child

support. On appeal, Smalls argues the family court erred in (1) failing to dismiss the order for lack of in personam jurisdiction and (2) holding he was Child's legal father without first establishing in personam jurisdiction. We affirm pursuant to Rule 220(b), SCACR.

We hold Smalls failed to provide a sufficient record in order for the court to determine whether the court lacked personal jurisdiction due to alleged improper service. *See Hamilton v. Greyhound Lines East*, 281 S.C. 442, 444, 316 S.E.2d 368, 369 (1984) ("The appealing party has the burden of furnishing a sufficient record from which this court can make an intelligent review."); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the [r]ecord on [a]ppeal."). Because we affirm the family court's finding regarding service and personal jurisdiction, we decline to address Smalls's remaining argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address remaining issues when resolution of a different issue was dispositive).

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.