**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lisa Weston and Brandon Weston, Appellants,

v.

Wal-Mart Stores East, LP d/b/a Wal-Mart Store #1286, John Doe, Danica Adams and the City of Columbia, Defendants,

Of which Wal-Mart Stores East, LP d/b/a Wal-Mart Store #1286 and Danica Adams are the Respondents.

Appellate Case No. 2023-001427

———————

Appeal From Richland County
William A. McKinnon, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-291
Submitted April 1, 2025 – Filed August 13, 2025

———————

**AFFIRMED**

———————

Paige B. George and Barry B. George, both of Barry B. George, of Columbia, for Appellants.

Stephen Michael Foster, of Lewis, Blain, Roberts, & Boyd, LLC, and Robert Canna Blain, of Collins & Lacy, PC, both of Columbia, for Respondents.

———————

**PER CURIAM:** Lisa Weston and Brandon Weston (collectively, the Westons) appeal the circuit court's order granting summary judgment in favor of Wal-Mart Stores East, LP d/b/a Wal-Mart Store #1286 (Wal-Mart) and Danica Adams (collectively, Respondents). On appeal, the Westons argue the circuit court erred by granting summary judgment in favor of Respondents because the Westons established a genuine issue of material fact (1) from which a reasonable jury could find they met their burden of proving the elements of defamation, intentional infliction of emotional distress, false imprisonment, and negligence and (2) as to whether there was an agency relationship between a law enforcement officer with the Columbia Police Department and Wal-Mart. We affirm pursuant to Rule 220(b), SCACR.

The Westons have failed to provide this court with a sufficient record from which it could conduct an intelligent review. *See* Rule 210(h), SCACR ("Except as provided by Rule 212 and Rule 208(b)(1)(C) and (2)[ of the South Carolina Appellate Court Rules] the appellate court will not consider any fact which does not appear in the Record on Appeal."); *Hamilton v. Greyhound Lines E.*, 281 S.C. 442, 444, 316 S.E.2d 368, 369 (1984) ("The appealing party has the burden of furnishing a sufficient record from which this court can make an intelligent review."); *Germain v. Nichol*, 278 S.C. 508, 509, 299 S.E.2d 335, 335 (1983) ("[An a]ppellant has the burden of providing this Court with a sufficient record upon which this Court can make its decision."). The record on appeal contains portions of depositions referencing law enforcement's body-worn camera footage, but these deposition excerpts are provided in nonsequential fashion, making it difficult to follow the lines of questioning and determine which videos are being discussed. Moreover, the Westons failed to respond to this court's letter rejecting the thumb drives containing this footage.[1] Both parties refer to and rely heavily on the body-worn camera footage in their appellate briefs, and the circuit court relied on this footage in its decision to grant summary judgment. Without this video footage, and due to the nonsequential deposition excerpts provided in the record on appeal, this court is unable to conduct an intelligent review of the circuit court's findings. *Cf. Woodson v. DLI Props., LLC*, 406 S.C. 517, 527, 753 S.E.2d 428, 433 (2014) (holding the appellant provided a sufficient record for appellate review from a grant of summary judgment when the record on appeal provided the requisite evidentiary material to conduct a review of the depositions,

---

[1] This court responded by letter to the Westons' filing advising it could not accept the thumb drives as provided and directing them to Rule 262(a)(3) of the South Carolina Appellate Court Rules for guidance.

interrogatories, affidavits, and other evidentiary materials provided by the parties to the circuit court).  Therefore, we affirm the circuit court's order.

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.