**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dennis Gallipeau, Appellant,

v.

D. Ryan McCabe and Marion J. Smith, Respondents.

Appellate Case No. 2023-001005

———————————

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-030
Submitted January 2, 2026 – Filed January 28, 2026

———————————

**AFFIRMED**

———————————

Dennis Gallipeau, of Columbia, pro se.

Stephanie Trotter Kellahan, of McCabe, Trotter &
Beverly, P.C., of Columbia, for Respondents.

———————————

**PER CURIAM:** Dennis Gallipeau appeals the trial court's dismissal of his civil cause of action for perjury against D. Ryan McCabe and Marion J. Smith (Respondents) and the denial of his motion to set aside default judgment. On appeal, Gallipeau argues the circuit court erred in finding (1) section 16-9-10 of the South Carolina Code (2015) did not create a private cause of action for perjury and

(2) he was not entitled to relief from default judgment.  We affirm pursuant to Rule 220(b), SCACR.

We hold Gallipeau failed to provide this court with a sufficient record upon which this court could conduct an intelligent review of whether section 16-9-10 gives rise to a private cause of action.  Specifically, Gallipeau failed to present any evidence to this court that he raised the issue at the April 24, 2023 hearing and did not include the transcript of the hearing as a part of his record on appeal.[1]  *See Hamilton v. Greyhound Lines E.*, 281 S.C. 442, 444, 316 S.E.2d 368, 369 (1984) ("The appealing party has the burden of furnishing a sufficient record from which this court can make an intelligent review."); *S.C. Nat'l Bank of Charleston v. B. H. Stepp Co.*, 248 S.C. 521, 522, 151 S.E.2d 752, 752 (1966) (per curiam) (holding the appellate court could not properly address the questions raised because the record did not include the necessary testimony from the circuit court proceedings and dismissed appellant's claim).

We also hold Gallipeau failed to provide this court with a sufficient record from which this court could conduct an intelligent review of whether he was entitled to relief from default.  Although both parties designated the motion to set aside the default judgment to be included in the record on appeal, it was not included.  Further, the transcript from the hearing on the motion to set aside the default judgment was neither designated by either party nor included in the record on appeal.  Therefore, the court cannot conduct an intelligent review of the issue.  *See Hamilton*, 281 S.C. at 444, 316 S.E.2d at 369 ("The appealing party has the burden of furnishing a sufficient record from which this court can make an intelligent review."); *S.C. Nat'l Bank of Charleston*, 248 S.C. at 522, 151 S.E.2d at 752 (finding the appellate court could not properly address the questions raised because the record did not include the necessary testimony from the circuit court proceedings and dismissed appellant's claim).

**AFFIRMED.**[2]

---

[1] We address only the issues and arguments set forth in Gallipeau's initial brief because Gallipeau's final brief was not identical to his initial brief and was in violation of the South Carolina Appellate Court Rules.  *See* Rule 211(b)(1)-(2), SCACR (requiring the parties' final briefs be identical to their initial briefs except for the addition of references to the record and the correction of typographical errors).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**