24240

Elizabeth JOHNSON, Appellant-Respondent v. Harvey DAILEY, and District Three (3), Respondent-Appellants.

(457 S.E. (2d) 613)

Supreme Court

*J. Lewis Cromer* and *Craig L. Berman,* both of *Cromer & Mabry,* Columbia, *for appellant-respondent.*

*Wade E. Ballard, Ashley B. Abel* and *Karen M. Tyner,* all of *Edwards, Ballard, Bishop, Sturm, Clark & Keim, P.A.,* Spartanburg; and *J. Mark Hayes, II,* of *Harrison and Hayes, P.A.,* Spartanburg, *for respondents-appellants.*

Heard Feb. 21, 1995.

Decided May 1, 1995.

CHANDLER, Acting Associate Justice:

Appellant-Respondent (Johnson) appeals an Order of the Trial Court granting Respondents-Appellants' (Dailey and District) Motion to Dismiss her Complaint.[1] Dailey and District appeal the Trial Court's denial of their request for sanctions against counsel for Johnson. We affirm.

---

[1] When reference is had collectively to Respondents-Appellants, they will be referred to as Respondents. When reference is had individually, they will be referred to as Dailey or District.

## FACTS

Johnson, a school teacher employed by the District, took medical leave of absence in August, 1992. Dailey was principal of the District school. On September 14, 1992, Johnson filed an intentional harassment suit against Respondents. She did not return to work for the remainder of the 1992-93 school year. She applied for state disability and long-term disability benefits, as well as a federal disability determination from the Social Security Administration. Based upon her actions, the Superintendent of the District (Superintendent) informed Johnson by letter dated March 26, 1993, that the District's Board of Trustees would not reemploy her for the 1993-94 school year. District's decision not to reemploy Johnson was never appealed.

On June 22, 1993, Johnson filed an Amended Complaint, alleging that her firing violated the South Carolina Whistleblower Act. She contended that her discharge was in retaliation for disclosures made by her about Dailey. She further alleged a claim for intentional infliction of emotional distress from Dailey's outrageous conduct toward her. In their Motion to Dismiss the amended Complaint and for sanctions, Respondents attached outside materials, including Superintendent's letter terminating Johnson.

Following a motions hearing on August 11, 1993, the Trail Judge, by Order dated December 29, 1993, (1) granted Johnson's Motion to Amend, (2) granted Respondents' Motions to Dismiss the intentional infliction of emotional distress and Whistleblower causes of action,[2] and (3) denied Respondents' Motion for Sanctions against Johnson's counsel. Johnson's Motion for Reconsideration was denied.

Respondents cross-appealed, contending that counsel's bad-faith conduct in ignoring the S.C. Rules of Civil Procedure warranted sanctions.

## ISSUES

1. Did the trial court err in converting Respondents' Motion to Dismiss to one for Summary Judgment?
2. Did the trial court err in granting Summary Judgment?

---

[2] The Trial Judge, pursuant to Rule 12(b)(6), SCRCP, treated the Motion to Dismiss the whistleblower claim as one for Summary Judgment.

3. Did the trial court err in dismissing Johnson's cause of action for intentional infliction of emotional distress?

4. Did the trial court err in denying Respondents' request for sanctions?

## DISCUSSION

### I. *CONVERSION OF MOTION*

Johnson contends Trial Court should have notified her it was considering the outside materials which warranted conversion of Respondents' 12(b)(6) motion to Rule 56 Motion for Summary Judgment.

The pertinent portion of Rule 12(b)(6) allowing conversion reads:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state facts sufficient to constitute a cause of action, matters outside the pleading to state facts sufficient to constitute a cause of action, matters outside the pleading are presented to and not excluded by the Court, motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material pertinent to such a motion by Rule 56.

Clearly, the Trial Court's conversion was authorized by the Rule. *Brown v. Leverette*, 291 S.C. 364, 353 S.E. (2d) 697 (1987); *Crosswell Enterprises v. Arnold*, 309 S.C. 276, 422 S.E. (2d) 157 (Ct. App. 1992). The Rule specifically provides for conversion, provided thhe parties, upon compliance with the notice provisions of Rule 56, are afforded a reasonable opportunity to introduce evidentiary matters. *Bowen & Smoot v. Plumlee*, 301 S.C. 262, 391 S.E. (2d) 558 (1990); *Brown v. Leverette, supra.*

Here, unlike in *Bowen & Smoot v. Plumlee*, the outside materials, including Superintendent's letter attached to the 12(b)(6) motion, gave notice to Johnson more than thirty days prior to the hearing. Indeed, the outside materials were specifically referred to by Respondents, both in the motion and at the hearing.

### II. *WHISTLEBLOWER ACTION*

Johnson contends that District's termination of her employ-

ment violated the Whistleblower Act, S.C. Code Ann. § 8-27-20 (1988).[3] We disagree.

■     The Act, at the time of Johnson's Complaint, provided:

> No public body may discharge . . . or threaten any employee of a public body whenever the employee reports a violation of any state or federal law or regulation which involves a public body or any employee or official of a public body or any employee or official of a public body or whenever the employee exposes governmental criminality, corruption, waste, fraud, gross negligence, or mismanagement. . . .

A public body may terminate an employee for causes independent of those set out in the Act. S.C. Code Ann. § 8-27-40 (Supp. 1993).

■     Johnson contends that, following her disclosure of Dailey's alleged unlawful activities, she was harassed by Dailey. During this period, she applied for state disability, long-term disability benefits, and a federal disability determination by the Social Security Administration. Johnson's inability to perform her teaching duties and her filing for disability benefits constituted sufficient grounds, independent of those enumerated in the Whistleblower Act for termination.

### III. *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

Johnson alleges that her employment was plagued by a pattern of extreme and outrageous conduct, intentionally or recklessly inflicting severe emotional distress upon her.

■     Johnson failed to timely appeal this issue. Moreover, in her motion for reconsideration she failed to specifically challenge the Trial Court's ruling on this claim against Dailey. Accordingly, the issue dealing with this allegation is not preserved for review. *See Bailey v. Covil Corporation*, 291 S.C. 417, 354 S.E. (2d) 35 (1987); *Woodward v. Woodward*, 294 S.C. 210, 363 S.E. (2d) 413 (Ct. App. 1987); *Ringer v. Graham*, 293 S.C. 238, 359 S.E. (2d) 523 (Ct. App. 1987); Rule 203(b)(1), SCACR.

---

[3] The Act was amended effective June 21, 1993, subsequent to this action.

In any event, the tort of intentional infliction of emotional distress requires conduct so extreme and outrageous it exceeds all possible bounds of decency, and is regarded as atrocious and utterly intolerable in a civilized society. *Ford v. Hutson,* 276 S.E. (2d) 776 (1981): *Cf. Wright v. Sparrow;* 298 S.C. 469, 381 S.E. (2d) 503 (Ct. App. 1989). This determination id one of law for the court. *Wright v. Sparrow, supra.*

We find from the record no abuse of discretion by the Trial Court.

### IV. *SANCTIONS*

In their motion for sanctions against Johnson's counsel, Respondents allege that counsel acted in bad faith by filing a motion for default, and for improperly serving the amended Complaint.

In preparing a motion an attorney has a duty of action in good faith, and may be disciplined for violation of the duty. *See* Notes to Rule 11, SCRCP. A trial court's ruling on sanctions will not be disturbed absent a clear abuse of discretion. *Dunn v. Dunn,* 298 S.C. 499, 381 S.E. (2d) 734 (1989); *Downey v. Dixon,* 294 S.C. 42, 362 S.E. (2d) 317 (Ct. App. 1987). "An 'abuse of discretion' may be found where the appellant shows that the conclusion reached by the trial court was without reasonable factual support, resulted in prejudice to the right of appellant, and, therefore, amounted to an error of law." *Dunn v. Dunn, supra; Darden v. Witham,* 263 S.C. 183, 209 S.E. (2d) 42 (1974).

We find factual support in the record for the Trial Court's conclusion that counsel did not act in bad faith. Accordingly, there was no abuse of discretion.

Affirmed.

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.