24433

William L. RUNYON, Jr., Appellant v. Karen WRIGHT, Darryl Wright, and David Schwacke, as Solicitor for the Ninth Judicial Circuit, Respondents.

(471 S.E. (2d) 160)

Supreme Court

16

*Coming B. Gibbs, Jr.*, Charleston, *for appellant.*

*Francis T. Draine*, Columbia, *for respondents Karen* and *Darryl Wright.*

Heard Feb. 7, 1996.

Decided May 20, 1996.

BURNETT, Justice:

This appeal is from an order granting a motion for Rule 11 sanctions against appellant and his trial attorney.[1] We affirm.

## FACTS

Appellant, who is an attorney licensed in South Carolina, was retained by respondents Karen and Darryl Wright for the purpose of perfecting a postconviction relief action for Darryl following Darryl's conviction for drug related offenses. The Wrights also retained appellant to recover over $40,000 seized by authorities during or after Darryl's arrest.

Over a period of time, the Wrights paid appellant approximately $9,000. Not satisfied with appellant's work, however, the Wrights discharged appellant and sought a refund. When appellant refused to give the Wrights a refund, the Wrights filed a complaint with the South Carolina Bar Association's Resolution of Fee Disputes Board (the Board). After a hearing, the Board ordered appellant to refund $6,000. The Board's order was subsequently reduced to a judgment against appellant on April 21, 1993.[2] That same day, appellant brought this action pursuant to Rule 22, SCRCP, alleging that the $6,000 was illegal drug money and that the Solicitor had an interest in the money, even though the solicitor had not filed any action against appellant, the Wrights, or the $6,000. Appellant also sought to recover costs and attorney's fees for bringing the action.

On June 2, 1993, after appellant informed the Solicitor that the $6,000 was allegedly illegal drug money, the Solicitor filed a forfeiture action against the money. However, the Solicitor

---

[1] Appellant's trial attorney is not a party to this appeal and is not representing appellant on appeal.

[2] Appellant did not appeal the Board's decision or the judgment against him for the $6,000. His subsequent motion to vacate the judgment was denied.

voluntarily dismissed this action on March 18, 1994. There-after, appellant deposited the $6,000 with the circuit court and filed a motion for summary judgment seeking costs and attor-ney's fees for bringing the interpleader action. The Wrights, in turn, filed a motion for sanctions against appellant and his attorney. At the hearing on these motions, appellant asked for additional attorney's fees and asked the court not to disburse any monies to the Wrights until a malpractice action filed by the Wrights against appellant was resolved.

In its order, the circuit court found that appellant's claims in this matter were without merit and were brought in bad faith. Consequently, as a sanction, the court ordered appellant and his attorney to pay the Wrights $2,555.[3] In addition, the court ordered the $6,000 released to the Wrights, and ordered ap-pellant to pay the outstanding interest accumulated on the $6,000. On appeal, appellant challenges the $2,555 sanction, ar-guing the circuit court erred in finding his claims in this mat-ter were frivolous and brought in bad faith.[4]

## ISSUE

Did the circuit court err in granting the Wrights' motion for sanctions?

## DISCUSSION

Rule 11(a), SCRCP, provides in part as follows:

The signature of an attorney or party [on a pleading, mo-tion, or other paper] constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay.

\*       \*       \*       \*       \*

If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initia-tive, may impose upon the person who signed it, a repre-sented party, or both, an appropriate sanction, which may

---

[3] $2,555 was the amount appellant sought in attorney's fees and costs. In-stead of awarding this amount to appellant, the court ordered appellant and his attorney to pay this amount as a sanction.

[4] Appellant does not challenge the release of the entire $6,000 to the Wrights or the decision ordering him to pay the outstanding interest.

include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

Under this Rule, a party and/or the party's attorney may be sanctioned for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments. *See Link v. School District of Pickens County*, 302 S.C. 1, 393 S.E. (2d) 176 (1990). The party and/or attorney may also be sanctioned for filing a pleading, motion, or other paper in bad faith (i.e., to cause unnecessary delay) whether or not there is good ground to support it. *See Johnson v. Dailey*, 318 S.C. 318, 457 S.E. (2d) 613 (1995). The sanction may include an order to pay the reasonable costs and attorney's fees incurred by the party or parties defending against the frivolous action or action brought in bad faith, a reasonable fine to be paid to the court, or a directive of a nonmonetary nature designed to deter the party or the party's attorney from bringing any future frivolous action or action in bad faith. Further, if appropriate under the facts of the case, the court may order a party and/or the party's attorney to pay a reasonable monetary penalty to the party or parties defending against the frivolous action or action brought in bad faith. Rule 11(a), SCRCP.

A court imposing sanctions under Rule 11 should, in its ██ order, describe the conduct determined to constitute a violation of the Rule and explain the basis for the sanction imposed. The imposition of sanctions, however, will not be disturbed on appeal absent a clear abuse of discretion by the lower court. *Johnson v. Dailey, supra*. An abuse of discretion may be found if the conclusions reached by the lower court are without reasonable factual support. *Id.; Dunn v. Dunn*, 298 S.C. 499, 381 S.E. (2d) 734 (1989).

Here, appellant filed the interpleader action the day █ the $6,000 judgment was entered against him. However, rather than depositing the money with the court as provided by Rule 22, SCRCP, and allowing respondents to litigate the issue of the money themselves, appellant chose to keep the money and remain a party to the action. When the Solicitor dropped any claim to the $6,000, appellant then sought to recover almost half of this money as "attorney's fees and costs" incurred as a result of remaining a party to the ac-

tion. Although in his written motion for summary judgment appellant was willing to give the Wrights what was left of the $6,000, at the hearing on his motion appellant moved for additional attorney's fees and asked the court not to disburse the remaining monies until the Wrights' malpractice action was resolved. According to appellant, he wanted what was left of the $6,000 to help satisfy an award of sanctions he hoped to receive in the malpractice action.

We hold these facts support the circuit court's conclusion that appellant's claims in this matter were frivolous and were brought in bad faith. It is clear on the record before us that appellant's sole purpose for bringing the interpleader action and remaining a party in the action was to prevent or delay satisfaction of the $6,000 judgment entered against him following the Board's decision in 1993.[5] Consequently, we hold the circuit court did not err in granting the Wrights' motion for sanctions against appellant and his trial attorney pursuant to Rule 11, SCRCP. *See Johnson v. Dailey, supra.*

Affirmed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

[5] We find nothing in the record to support appellant's assertion that the $6,000 received from the Wrights was likely money obtained from illegal drug activity.