488 S.E.2d 888

**Felisa Loreto SESSIONS, Respondent–Appellant,**

v.

**Charlena Dale WITHERS and David Overland,
Appellants–Respondents.**

**No. 2677.**

Court of Appeals of South Carolina.

Heard May 7, 1997.

Decided June 9, 1997.

410

Ronnie F. Craig, of Clawson & Staubes, Charleston, for appellants-respondents.

Paul A. James, North Charleston, for respondent-appellant.

HOWELL, Chief Judge:

Felisa Sessions brought suit against Charlena Dale Withers and David Overland for personal injuries she sustained when a car driven by Withers and owned by Overland struck Sessions's car.[1] The liability insurance carrier for Withers and Overland paid Sessions $15,000, its policy limits, and State Farm Mutual Automobile Insurance Company, Sessions's underinsured motorist carrier, took over the defense of the case. After a $600 jury verdict in favor of Sessions, the trial court awarded Sessions, as the prevailing party, costs in the amount of $2273.25, pursuant to Rule 54, SCRCP. By separate order, the court awarded Withers costs in the amount of $882.50 as a sanction under Rule 37(c), SCRCP. Both sides appeal, each challenging the award of costs to the other.

## I. Costs Awarded to Withers

Both Sessions and Withers appeal from the trial court's award of costs to Withers pursuant to Rule 37(c), SCRCP. Sessions contends Withers was not entitled to any costs, while Withers contends the amount awarded was inadequate.

Under Rule 37(c) of the South Carolina Rules of Civil Procedure,

[i]f a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to

---

1. At trial, Sessions dropped her negligent entrustment claim against Overland and proceeded only against Withers.

412

believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

Rule 37(c), SCRCP.

On November 22, 1994, approximately three years after the accident in which Sessions was injured, Sessions notified Withers that she claimed the accident aggravated a previously existing temporomandibular joint (TMJ) disorder. Sessions named her family dentist as an expert witness to support her TMJ claim. The next day, Withers served Sessions with a Request for Admission, requesting that Sessions admit that the accident did not cause or aggravate any TMJ problems. Sessions denied the request on December 22, 1994. Thereafter, Withers deposed Dr. Powers, Sessions's dentist, and hired her own expert, Dr. Barkin, who lived in California, to rebut Sessions TMJ claims.

In his deposition, Dr. Powers stated that Sessions's TMJ problems became markedly worse after the accident. Dr. Powers stated that, in his opinion, the accident aggravated Sessions's pre-existing condition. Dr. Powers stated that his opinion was based primarily on Sessions's complaints of increased and more frequent pain after the accident and his clinical observations of increased sensitivity and more limited movement of her jaw. Withers's expert, Dr. Barkin, stated in his deposition that, to a reasonable degree of medical certainty, the accident did not cause or exacerbate Sessions's TMJ problems. However, the basis for Dr. Barkin's opinion is not apparent from the single-page excerpt of his deposition included in the record.

At the beginning of trial, Sessions withdrew her TMJ claims. Withers sought to present to the jury Sessions's response to the request to admit as well as special interrogatories related to the TMJ claim so that she could recover costs pursuant to Rule 37, SCRCP. The trial court refused, but noted that Withers was free to file a motion seeking costs at the close of trial.

Thereafter, Withers filed a motion seeking $1,754.20 in costs and attorney's fees associated with the deposition of her

expert, Dr. Barkin.[2]  At the hearing on the cost motions, the court first stated that it did not believe Withers satisfied the requirements of Rule 37(c).  The court stated that Sessions had good reason for failing to admit, given that her own dentists believed that the accident aggravated her TMJ problems.  The court stated:

> The fact that you're going to spend money to go out to California to chase Barkin down is fine.  There's probably 10,000 dentists in South Carolina that would say the same thing Barkin did.  There is no way in the world I can give you that kind of money.

> If you had proven your case, I certainly would give you the cost of the deposition of the plaintiff's physician and your time for going there, but to chase down an expert, I don't care where they are, unless they are local, I'm not going to do that, period.

After further discussion with Withers's attorney, the court changed its position somewhat, stating,

> I might be willing to give you the deposition costs of Dr. Powers, but no way Dr. Barkin in California, no way.  That's your choice.  That's an expense your client developed at their choice.

> \*       \*       \*       \*       \*       \*

> If you can prove to me that there is not a dentist southeast of the Mississippi River that will testify that TMJ cannot be caused by anything other than direct trauma, then I might consider it.  Give me the phone books and you tell me all the dentists southeast of the Mississippi River. . . .  I mean, I know the game and what I'm trying to explain to you, I'm not going to play it.

> If he didn't put up the doctor and you were required to depose the doctor, I'm perfectly willing to consider giving you the cost and your fees to depose the doctor involved in the TMJ problem that was her treating physician, not Dr. Barkin.  Okay?  Do you understand where I'm coming from?

---

2.  Judge Martin presided over Sessions's action against Withers.  The subsequent motions for costs were heard by Judge Rawl.

The court then confirmed that it would allow Withers to recover the costs associated with deposing Dr. Powers, but no more.

In its written order granting costs to Withers, the court concluded that Sessions's withdrawal of her TMJ claim at trial was "without good cause." The court further concluded that Sessions "cannot be heard to complain that the defendant did not prove the Request when the plaintiff was responsible for preventing defendant from doing so." Accordingly, the court awarded Withers costs in the amount of $882.50, representing the witness fee charged by Dr. Powers and the court reporter's costs connected with the deposition. The court did not award the additional $650 sought by Withers for attorney's fees and "support staff time and expense" associated with the deposition of Dr. Powers.

On appeal, Sessions contends that Withers is not entitled to an award under Rule 37(c) because Withers never proved the issue that was the subject of the request to admit. At the motions hearing, counsel for Withers submitted an affidavit outlining the requested costs. Attached to the affidavit were portions of Sessions's deposition dealing with her TMJ claims. While Withers's attorney told the court about Dr. Barkin's opinion of Sessions's TMJ claim, no portion of Dr. Barkin's deposition was presented to the court. Thus, in this case, it cannot be said that Withers proved, either at trial or at the post-trial motions hearing, that Sessions's TMJ problems were not aggravated by the accident. *See, e.g., McManus v. Bank of Greenwood,* 171 S.C. 84, 89, 171 S.E. 473, 475 (1933) ("This court has repeatedly held that statements of fact appearing only in argument of counsel will not be considered."); *Bowers v. Bowers,* 304 S.C. 65, 403 S.E.2d 127 (Ct.App.1991) (arguments of counsel are not evidence); *Gilmore v. Ivey,* 290 S.C. 53, 348 S.E.2d 180 (Ct.App.1986) (trial court properly disregarded the statements of counsel that he claimed reflected testimony appearing in depositions not otherwise entered into evidence).

Withers does not dispute that she did not prove the truth of the matter raised in her Request to Admit, but apparently contends that she is automatically entitled to costs under Rule

37(c) because Sessions voluntarily withdrew her TMJ claim. We disagree.

■ As noted above, Rule 37(c) provides that the party failing to admit the truth of a matter shall be required to pay expenses "if the party requesting the admissions thereafter *proves* the genuineness of the document or the truth of the matter." Rule 37(c), SCRCP (emphasis added). The Rule does not provide for sanctions if the opposing party voluntarily withdraws the claim with which the request to admit is associated. Thus, expenses should be imposed under Rule 37(c) "only after the requesting party *actually proves* the . . . truth of the matter that was addressed in the request for admission." 7 *Moore's Federal Practice* § 37.72 at 37–131 (3d ed.); *cf. Board of Directors, Water's Edge v. Anden Group,* 136 F.R.D. 100, 105–06 (E.D.Va.1991) (refusing to award Rule 37(c) sanctions to plaintiff in products liability case where defendant refused to admit that manufacturing or construction defects existed in certain plywood roofing materials but then stipulated to liability in the first day of trial, because question of whether the defects existed was never proved or admitted at trial, and question of whether defects were caused by the defendant builder or third-party manufacturer likewise was settled out of court).

We do not believe that the fact that a party, for whatever reason, chooses to abandon a particular claim should automatically relieve the requesting party of the burden of proof placed on it by the clear language of Rule 37(c). Instead, we conclude that, under such circumstances, Rule 37(c) requires the requesting party to establish his entitlement to costs and expenses by presenting evidence, not just arguments of counsel, to the court hearing the motion. The court may award the reasonable expenses if the evidence presented by the requesting party satisfies the court that it would have proven the truth of the matter raised in the request to admit had the claim been tried.

■ We recognize that there are competing interests involved in this case. Clearly, a plaintiff must be allowed to control his own case and choose what claims will be presented and how they will be presented to the jury. However, every claim asserted by a plaintiff requires the defendant to spend

time and resources preparing to defend against it. To allow a plaintiff to dismiss or abandon claims freely, without regard to the impact of that dismissal upon the defendant, would place an unfair burden on the defendant. Requiring a defendant to establish his entitlement to expenses under Rule 37(c) in the event a plaintiff drops a particular claim balances these interests by allowing the plaintiff the freedom to control his case while ensuring that a defendant is not improperly forced to bear the consequences of the plaintiff's trial strategy.

The award of expenses under Rule 37(c) is a matter left to the sound discretion of the trial court, and the court's decision will not be reversed on appeal absent an abuse of that discretion. *Johnson v. Dailey,* 318 S.C. 318, 457 S.E.2d 613 (1995); *see also Clark v. Ross,* 284 S.C. 543, 328 S.E.2d 91 (Ct.App.1985) (decided under former Circuit Court Rule 89(b), which was largely identical to Rule 37(c), SCRCP), *abrogated in part on other grounds, Sherer v. James,* 290 S.C. 404, 351 S.E.2d 148 (1986). In this case, we conclude that the trial court took the proper course of action—allowing Sessions to abandon her TMJ claim (and prohibiting Withers from injecting the issue back into the case) while noting Withers's right to seek costs related to the TMJ claim. However, this course of action did not relieve Withers of her obligation under Rule 37(c) to present some evidence proving that Sessions's TMJ problems were not aggravated by the accident. Because Withers presented no evidence to the court establishing her entitlement to expenses under Rule 37(c), the award of expenses to Withers amounts to an abuse of discretion. *Johnson,* 318 S.C. at 323, 457 S.E.2d at 616 ("An 'abuse of discretion' may be found where the appellant shows that the conclusion reached by the trial court was without reasonable factual support."). Accordingly, the court's order awarding expenses to Withers is hereby reversed.

## II. Costs Awarded to Sessions

Withers argues Sessions was not a "prevailing party," and, therefore, she was not entitled to an award of costs. Alternatively, Withers contends that if Sessions was a prevailing party, she was not entitled to amount of costs awarded by the trial court. We conclude, however, that we cannot address either issue.

■ As part of the settlement with the liability insurer, Sessions signed an agreement whereby she agreed not to execute against Withers and Overland or their liability carrier any judgment she might obtain. Sessions also agreed that if she received a judgment that did not entitle her to receive underinsurance benefits, she would "promptly mark the judgment obtained satisfied." Because Sessions received a verdict of only $600, she was not entitled to any underinsurance benefits. Thus, by virtue of the covenant not to execute, Sessions is obligated to mark the judgment she received against Withers as satisfied.

Under Rule 54(d), SCRCP, any costs taxed on behalf of the prevailing party "shall be included in the judgment or decree." Likewise, S.C.Code Ann. § 15–37–40 (1976) provides that "[t]he clerk shall insert in the entry of judgment . . . the sum of the allowances or costs and disbursements." Therefore, any costs awarded to Sessions become a part of the judgment against Withers. Because Sessions is contractually obligated not to execute on the judgment and to mark the judgment "satisfied," a determination of whether Sessions was entitled to an award of costs and the amount of any such award is unnecessary and improper. At best, a decision by this Court on these issues would result in a satisfied judgment in favor of Sessions against Withers in the amount of $600, versus a satisfied judgment in favor of Sessions against Withers in the amount of $2,873.25. Thus, any decision rendered would be merely advisory, given that it would not change the obligations of the parties or otherwise grant any meaningful relief. Accordingly, we conclude that the questions in Withers's appeal relating to the costs awarded to Sessions are moot, see *Byrd v. Irmo High School*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy."); *Jones v. Dillon–Marion Human Resources Development Comm'n*, 277 S.C. 533, 291 S.E.2d 195 (1982) (The court will not issue advisory opinions on questions for which no meaningful relief can be granted.). Accordingly, we lack jurisdiction over those issues. *Booth v. Grissom*, 265 S.C. 190, 194, 217 S.E.2d 223, 224 (1975) ("It is elementary that the courts of this State have no jurisdiction to issue advisory opinions."). That

portion of Withers's appeal relating to the costs awarded to Sessions, therefore, is hereby dismissed.[3]

**REVERSED IN PART and DISMISSED IN PART.**

GOOLSBY and ANDERSON, JJ., concur.

---

**3.** Mootness relates to the existence of a justiciable controversy, and, therefore, is a jurisdictional issue that must be raised by this Court on its own motion. *See, e.g., Harden v. South Carolina State Highway Dep't,* 266 S.C. 119, 124, 221 S.E.2d 851, 853 (1976) ("Lack of jurisdiction of the subject matter cannot be waived even by consent and therefore such lack can and should be taken notice of by this Court *ex mero motu.*").