**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex parte: Tony R. Megna, Appellant, and Douglas N. Truslow, Respondent,

In re:

James Anasti, Plaintiff,

v.

Lance Wilson, Willis Goodwin, Gina L. Anasti Lee, and Richland County Clerk of Court, Defendants.

And

Ex parte: Tony R. Megna, Appellant, and Desa Ballard, Respondent,

In re:

Pee Dee Health Care, P.A., Plaintiff,

v.

Estate of Hugh S. Thompson, Defendant.

Appellate Case No. 2013-001461

Appeal From Richland County and Darlington County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2015-UP-067
Heard January 7, 2015 – Filed February 11, 2015

**AFFIRMED**

Ariail Elizabeth King and James Mixon Griffin, Lewis
Babcock & Griffin, LLP, both of Columbia, for
Appellant.

Douglas N. Truslow, of Columbia, and Desa Ballard, of
West Columbia, for Respondents.

**PER CURIAM:**  The circuit court awarded sanctions to attorneys Douglas N. Truslow and Desa Ballard against attorney Tony R. Megna pursuant to Rule 11 of the South Carolina Rules of Civil Procedure.  Megna raises seven issues on appeal. We find only one of the issues preserved because Megna raised six of the issues for the first time in his Rule 59(e), SCRCP, motions.  *See Johnson v. Sonoco Products Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider.").

As to the merits, we find the preponderance of the evidence supports the circuit court's findings of fact.  *See Ex parte Gregory*, 378 S.C. 430, 436-37, 663 S.E.2d 46, 50 (2008) ("[A]n appellate court reviews findings of fact in an equity matter taking its own view of the evidence.").  Moreover, we find the circuit court did not abuse its discretion in determining Megna's conduct warranted sanctions.  378 S.C. at 437, 663 S.E.2d at 50 ("[W]here the appellate court agrees with the trial court's findings of fact, it reviews the decision to award sanctions, as well as the terms of those sanctions, under an abuse of discretion standard."); *id.* ("An abuse of discretion occurs where the decision is controlled by an error of law or is based on unsupported factual conclusions."); *see also Runyon v. Wright*, 322 S.C. 15, 19, 471 S.E.2d 160, 162 (1996) ("The imposition of sanctions . . . will not be disturbed on appeal absent a clear abuse of discretion by the lower court.").

Megna's sole preserved issue is whether the circuit court erred in calculating the amount of sanctions awarded to Ballard because South Carolina law provides an

attorney proceeding *pro se* is not entitled to attorney's fees. We find the circuit court awarded Ballard sanctions—not attorney's fees—and find no abuse of discretion in the circuit court measuring the amount of the sanctions award by the amount of time Ballard spent responding to Megna's discovery requests and pursuing sanctions against Megna, multiplied by her hourly rate.

We also find no abuse of discretion in the amount of sanctions awarded to Truslow and Ballard.

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**