**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

EverBank, Respondent,

v.

Lenora Scurry, Patrick Scurry, and the South Carolina Department of Revenue, Defendants,

Of whom Lenora Scurry and Patrick Scurry are the Appellants.

Appellate Case No. 2013-002181

———————

Appeal From Newberry County
Joseph W. Hudgens, Special Referee

———————

Unpublished Opinion No. 2015-UP-397
Submitted July 1, 2015 – Filed August 12, 2015

———————

**AFFIRMED**

———————

Andrew Sims Radeker, of Harrison & Radeker, P.A., of Columbia, for Appellants.

Sean Matthew Foerster, of Rogers Townsend & Thomas, P.C., of Columbia, for Respondent.

———————

**PER CURIAM:** Lenora and Patrick Scurry (collectively, Appellants) appeal the special referee's order denying their motion to vacate the foreclosure judgment and sale pursuant to Rule 60(b), SCRCP. Appellants argue the referee (1) abused its discretion in denying the motion under Rule 60(b), (2) ignored the fact the judgment was void under Rule 54(c), SCRCP, and (3) ignored the fact Appellants had a meritorious defense to EverBank's foreclosure action.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

Standard of Review: *Delta Apparel, Inc. v. Farina*, 406 S.C. 257, 265, 750 S.E.2d 615, 619 (Ct. App. 2013) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial [court]." (internal quotation marks omitted)); *id.* ("The trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion." (internal quotation marks omitted)); *id.* ("An abuse of discretion in setting aside a default judgment occurs when the [trial court] issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support." (alteration by court) (internal quotation marks omitted)).

Regarding Rule 60(b)(4): Rule 60(b)(4) (providing "the court may relieve a party or his legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void"); *Ware v. Ware*, 404 S.C. 1, 11, 743 S.E.2d 817, 822 (2013) ("The definition of void under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction." (internal quotation marks omitted)); *Universal Benefits, Inc. v. McKinney*, 349 S.C. 179, 183, 561 S.E.2d 659, 661 (Ct. App. 2002) ("The requirements of due process not only include notice, but also include an opportunity to be heard in a meaningful way, and judicial review."); *BB&T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006) ("A court generally obtains personal jurisdiction by the service of a summons."); *Wachovia Bank, N.A. v. Player*, 341 S.C. 424, 427, 535 S.E.2d 128, 129 (2000) (explaining a master-in-equity has subject matter jurisdiction over a properly referred foreclosure action); S.C. Code Ann. § 14-11-60 (Supp. 2014) ("[T]he presiding circuit court judge, upon agreement of the parties, may appoint a special referee in any case who as to the case has all the powers of a master-in-equity."); *Universal Benefits, Inc.*, 349 S.C. at 183, 561 S.E.2d at 661 ("A judgment is not

---

[1] We address Issues 1 and 2 together.

rendered void by irregularities which do not involve jurisdiction."); *id.* at 184, 561 S.E.2d at 662 ("There is a difference between a want of jurisdiction, in which case the court has no power to adjudicate, and a mistake in the exercise of undoubted jurisdiction, in which case the court's action is not void, but is subject to direct attack on appeal."); *Delta Apparel, Inc.*, 406 S.C. at 265, 750 S.E.2d at 619 (explaining "[a]n abuse of discretion in setting aside a default judgment occurs when the [trial court] issuing the order was *controlled by* some error of law" (second alteration by court) (emphasis added) (internal quotation marks omitted)).

Regarding Rule 60(b)(1): Rule 60(b)(1) (providing "the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect"); *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 608, 681 S.E.2d 885, 888 (2009) (explaining the standard for granting relief from a default judgment under Rule 60(b) "requires a more particularized showing of mistake," which "underscore[s] the clear intent to make it more difficult for a party to avoid a default once the court has entered a judgment"); *Williams v. Watkins*, 384 S.C. 319, 324, 681 S.E.2d 914, 917 (Ct. App. 2009) (explaining "[i]n order to gain relief under Rule 60(b)(1), SCRCP, a party must first show a *good faith mistake of fact* has been made" (emphasis added)); *Rouvet v. Rouvet*, 388 S.C. 301, 310, 696 S.E.2d 204, 208 (Ct. App. 2010) ("[L]ack of familiarity with legal proceedings is not an acceptable excuse and the court will hold a layman to the same standard as an attorney.").

Regarding Rule 60(b)(3): Rule 60(b)(3) (providing "the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . fraud, misrepresentation, or other misconduct of an *adverse party*" (emphasis added)); *Sundown Operating Co.*, 383 S.C. at 608, 681 S.E.2d at 888 (explaining the standard for granting relief from a default judgment under Rule 60(b) "requires a more particularized showing of . . . fraud, misrepresentation, or other misconduct of an adverse party," which "underscore[s] the clear intent to make it more difficult for a party to avoid a default once the court has entered a judgment" (internal quotation marks omitted)); *Raby Constr., L.L.P. v. Orr*, 358 S.C. 10, 19, 594 S.E.2d 478, 483 (2004) ("[I]n order to secure equitable relief on the basis of fraud, the fraud must be extrinsic." (internal quotation marks omitted)); *Mr. G v. Mrs. G*, 320 S.C. 305, 308, 465 S.E.2d 101, 103 (Ct. App. 1995) ("[F]raud is intrinsic and not a valid ground for setting aside a judgment when [a] party has been given notice of the action and has had an opportunity to present his case and to protect himself from any mistake or fraud of his adversary but has

unreasonably neglected to do so." (alterations by court) (internal quotation marks omitted)); *Sessions v. Withers*, 327 S.C. 409, 414, 488 S.E.2d 888, 891 (Ct. App. 1997) (explaining "statements of fact appearing only in argument of counsel [are not] considered" evidence); *Froneberger v. Smith*, 406 S.C. 37, 47, 748 S.E.2d 625, 630 (Ct. App. 2013) ("Apparent authority to do an act is created as to a third person by written or spoken words *or any other conduct of the principal* which, reasonably interpreted, causes the third person to believe the principal consents to have the act done on his behalf by the person purporting to act for him." (internal quotation marks omitted)); *id.* (explaining an element of apparent agency is "that the purported principal consciously or impliedly represented another to be his agent"); *id.* (stating "an agency may not be established solely by the declarations and conduct of an alleged agent").

As to Issue 3: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address an appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**[2]

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.