**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Amy Kovach, Plaintiff,

v.

Joshua S. Whitley and Karen Whitley, in her Individual Capacity, Respondents,

And

Joshua S. Whitley, Defendant/Counterclaimant,

v.

Amy Kovach, Plaintiff/Counterclaim Defendant,

And

Joshua S. Whitley, Defendant/Third-Party Plaintiff,

v.

Rodney Thompson, Third-Party Defendant,

Of whom Amy Kovach is the Appellant.

Appellate Case No. 2018-000467

———————————

Appeal From Berkeley County
Jean Hoefer Toal, Circuit Court Judge

———————————

Unpublished Opinion No. 2020-UP-336
Submitted November 2, 2020 – Filed December 9, 2020

**AFFIRMED**

M. Dawes Cooke, Jr., and Christopher Mark Kovach,
both of Barnwell Whaley Patterson & Helms, LLC, of
Charleston, for Appellant.

William Howell Morrison, of Haynsworth Sinkler Boyd,
PA, of Charleston, for Respondent Karen Whitley.

Joshua Steven Whitley, of Smyth Whitley, LLC, of
Charleston, and Jeffrey A. Breit, of Virginia Beach, VA,
both for Respondent Joshua S. Whitley.

**PER CURIAM:** Amy Kovach sued Joshua Whitley, Dr. Karen Whitley, and others alleging civil conspiracy. The Whitleys moved for sanctions for the filing of a frivolous complaint; the motion was granted, and Kovach was ordered to pay $48,000.00 in attorneys' fees to the Whitleys. Kovach appeals the sanctions. Because the circuit court's factual findings are well supported by the record and the imposition of sanctions was not an abuse of discretion, we affirm.

**I.**

After a $198 million bond for the Berkeley County School District (BCSD) was approved by voters in November 2012, a South Carolina State Law Enforcement Division (SLED) investigation concluded BCSD resources had been illegally used to campaign for the bond. Amy Kovach, BCSD's Director of Communications, was charged in an indictment with five crimes: common law misconduct in office, use of public funds to influence an election in violation of § 8-13-1346 of the South Carolina Code (2019),[1] two counts of forgery, and one count of perjury. Kovach

---

[1] S.C. Code Ann. § 8-13-1346 provides: "A person may not use or authorize the use of public funds, property, or time to influence the outcome of an election."

accepted a plea deal offered by the Attorney General's office where she would plead guilty to misconduct in office and the misuse of public funds in exchange for dismissal of the forgery and perjury charges.

At her plea hearing, the Attorney General explained that, in pleading guilty to the misconduct in office charge, Kovach would also be admitting to facts that would have sustained convictions for forgery and perjury. The Attorney General placed an extensive factual basis for the convictions and Kovach's other misconduct alleged in the indictment on the record, and when the plea judge asked Kovach whether she agreed with the facts "as stated by the [Attorney General]," Kovach stated, "Yes, sir." The plea judge accepted Kovach's guilty pleas and sentenced her to five years' imprisonment, suspended upon service of two years' probation and the payment of a $25,000.00 fine.

Kovach then hired counsel and sued the BCSD board for claims relating to her employment and termination. In the same lawsuit, she also sued several members of the community who had campaigned against the bond, including Joshua Whitley and Dr. Karen Whitley, for civil conspiracy.

The complaint wove a narrative quite different from the one Kovach stipulated to at the plea hearing. Some of the allegations echoed the Attorney General's timeline and story, while others directly contradicted facts Kovach had agreed under oath were true. For example, Kovach disavowed all facts that would sustain a forgery or perjury conviction, claiming instead the charges were retaliatory and meritless. Kovach alleged the investigation, her prosecution, her public denunciation, and her termination from BCSD employment were orchestrated by the Whitleys.

Joshua Whitley answered the complaint, denying the civil conspiracy allegation and alleging several counterclaims. Additionally, the Whitleys each moved for sanctions against Kovach's counsel under Rule 11, SCRCP, and South Carolina's Frivolous Proceedings Sanctions Act (FPSA), S.C. Code Ann. § 15-36-10 (2005 and Supp. 2018). A few weeks after the complaint was filed, the Attorney General filed a Rule to Show Cause with the plea judge as to why Kovach should not be held in contempt of court for filing a complaint alleging facts directly contrary to the facts she agreed to under oath at her plea hearing. Within six weeks of filing the complaint, Kovach filed dismissals against all the parties who had not yet answered and attempted to negotiate a dismissal with the Whitleys;[2] however, the Whitleys and Kovach could

---

[2] The claims against these other parties were originally dismissed "without prejudice" but were later amended to be dismissals "with prejudice." Dr. Whitley (who had not answered) moved to strike the dismissal of the claims against her, and

not come to agreement about the payment of attorneys' fees. After Kovach's Rule to Show Cause hearing,[3] the Whitleys amended their motions for sanctions to include Kovach personally.

After a sanctions hearing, the Whitleys' motions were granted. In the order granting sanctions, the court found that in her guilty plea, Kovach admitted to "material facts supporting all five charges against her, including the two felony forgery charges and the perjury charge related to her efforts to cover up her misconduct." The order concluded:

> At the end of the day, a complaint that materially contradicts a plaintiff's previous sworn testimony from a criminal proceeding lacks the factual foundation that is required by Rule 11 and must be deemed frivolous . . . [Kovach's] attempt to re-litigate her criminal conviction through the civil justice system amounts to bad faith and also requires the Court to sanction her.

After the order was filed, the Whitleys' attorneys submitted affidavits of their costs and fees. Kovach filed a Rule 59(e), SCRCP motion. The court denied the Rule 59(e), SCRCP motion, and taking into account "the legal fees occurring at various stages after the filing of the frivolous lawsuit, efforts on the part of [Kovach and her counsel] to dismiss the matter, and the efforts of counsel to pursue sanctions," the court ordered Kovach to pay Dr. Whitley $13,000.00 and Whitley $35,000.00 in attorney's fees, totaling $48,000.00. This appeal follows.

## II.

<u>The Sanctions Were Not Levied Prematurely</u>

Kovach argues that, under the FPSA, the court may only consider sanctions against a represented party after a dispositive motion or trial has been resolved in the moving party's favor. *See* S.C. Code Ann. § 15-36-10(C)(1)(c) (2005 and Supp. 2018)

---

the circuit court granted the motion—allowing Dr. Whitley to stay a party to the lawsuit, so her motion for sanctions could be decided.

[3] Kovach was not held in contempt as a result of the Rule to Show Cause petition; instead, the plea judge accepted Kovach's apology for filing a complaint with facts in direct contradiction to facts she had agreed were true at her at her guilty plea, as well as Kovach's assurance she would not further aggrieve the court by filing another lawsuit based on the same factual predicate as her convictions.

(providing a represented party may be sanctioned "[a]t the conclusion of a trial" if it is found "the case or defense was frivolous as not reasonably founded in fact"). Kovach contends that, because the court awarded sanctions before discovery or resolution of the merits of her allegations, sanctions were inappropriate and premature.

Kovach was sanctioned under both the FPSA and Rule 11, SCRCP. Even if the FPSA precludes a finding of sanctions against a represented party until after adjudication of the merits, Rule 11, SCRCP, has no such procedural prerequisite. *See* Rule 11(a), SCRCP ("If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, *a represented party*, or both, an appropriate sanction . . . ." (emphasis added)). Kovach was sanctioned for alleging facts in a lawsuit that contradicted the factual predicate of her sworn guilty pleas. This is a unique case where further development of the record would not illuminate the relevant issues. Accordingly, we find the imposition of Rule 11, SCRCP sanctions was not premature. *See Ex parte Gregory*, 378 S.C. 430, 437, 663 S.E.2d 46, 50 (2008) ("[W]here the appellate court agrees with the trial court's findings of fact, it reviews the decision to award sanctions, as well as the terms of those sanctions, under an abuse of discretion standard."). We therefore need not reach the issue of whether FPSA sanctions were premature.

Represented Party

Kovach next asserts that, under Rule 11, SCRCP, a represented party may not be sanctioned for an attorney's failure to verify the legal sufficiency of a filing. Kovach contends it is the attorney's obligation to ensure the legal theories presented in a complaint contain merit, not the party's.

Kovach was not sanctioned for the legal theories advanced in her complaint. Rather, the court sanctioned her for disavowing and attempting to re-litigate the facts underlying her two criminal convictions, which she had earlier, in open court, sworn were true. Because Rule 11, SCRCP, provides a represented party may be sanctioned if a lawsuit is filed without "good ground" to support it, the court did not abuse its discretion in sanctioning Kovach. Rule 11(a), SCRCP (providing sanctions may be appropriate against a represented party if a signed pleading does not contain "good ground to support it"); *Ex parte Gregory*, 378 S.C. at 438–39, 663 S.E.2d at 51 (upholding imposition of Rule 11, SCRCP sanctions for the filing of a lawsuit predicated upon false facts).

Effect of Guilty Plea

Kovach asserts her criminal convictions do not foreclose her claim of civil conspiracy; the tort of civil conspiracy does not require proof of innocence; and the facts supporting her guilty plea were separate and distinct from the facts she alleged in her civil conspiracy claim against the Whitleys. According to Kovach, these distinct facts include the following: Joshua Whitley opposed the bond referendum; Joshua Whitley made several negative public comments about Kovach; Dr. Whitley was dissatisfied with the BCSD administration during the referendum because she had been laterally transferred to a less desirable position within BCSD; and Dr. Whitley wanted to harm Kovach, so Dr. Whitley could rise in leadership at BCSD.

After our review of the record, we agree with the circuit court that Kovach's claim of civil conspiracy was an attempt to re-litigate the facts that served as the predicate to her guilty pleas. *See Ex parte Gregory*, 378 S.C. at 436–37, 663 S.E.2d at 50 (providing that, on review of an imposition of sanctions, an appellate court takes its own view of the evidence, but if it agrees with the lower court's findings, "the imposition of sanctions will not be disturbed on appeal absent a clear abuse of discretion"). Because the circuit court's conclusion that Kovach's civil conspiracy claim was predicated on false facts is supported by the record and is not controlled by an error of law, we affirm the imposition of sanctions. *See id*. ("An abuse of discretion occurs where the decision is controlled by an error of law or is based on unsupported factual conclusions.").

Amount of the Attorneys' Fees Award

Kovach contends the $48,000.00 attorneys' fees award was not reasonable, as demonstrated by: 1) the Whitleys' failure to confer with Kovach as required by Rule 11, SCRCP, and 2) Kovach's attempts to dismiss the lawsuit within six weeks of its' filing. Kovach also asks us to find the award was not equitable, as $48,000.00 is an amount well above the minimum necessary to deter further lawsuits and constitutes a financial hardship.

The circuit court's award was well below the amount the Whitleys claimed they accrued in legal fees for the time period before Kovach attempted to dismiss the case. Further, the record indicates the Whitleys attempted to negotiate a dismissal of the civil conspiracy claim and sanctions motions, but they could not reach an agreement with Kovach about the payment of attorneys' fees. Finally, because the circuit court demonstrated discretion by considering "the legal fees occurring at various stages after the filing of the frivolous lawsuit, efforts on the part of [Kovach and her counsel] to dismiss the matter, and the efforts of counsel to pursue sanctions" when it awarded the $48,000.00 amount to the Whitleys, we affirm. *See Ex parte Gregory*, 378 S.C. at 437, 663 S.E.2d at 50 ("[W]here the appellate court agrees with

the trial court's findings of fact, it reviews the decision to award sanctions, *as well as the terms of those sanctions,* under an abuse of discretion standard." (emphasis added)); *Runyon v. Wright,* 322 S.C. 15, 19, 471 S.E.2d 160, 162 (1996) ("The sanction may include an order to pay the reasonable costs and attorney's fees incurred by the party or parties defending against the frivolous action or action brought in bad faith . . . ."); Rule 11(a), SCRCP.

**AFFIRMED.**[4]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.