**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

A.M.L., and J.J.L., by and through their Next of Friend, John Doe, R.D.M., by and through his Next of Friend, Jane Snow, J.J.G., and S.T.S., Appellants,

v.

Wright Directions Family Services, LLC, Respondent.

Appellate Case No. 2023-000791

---

Appeal From Jasper County
H. Steven DeBerry, IV, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-158
Submitted April 1, 2025 – Filed May 7, 2025

---

**AFFIRMED**

---

Deborah J. Butcher and Robert J. Butcher, of The Camden Law Firm, PA, of Camden, for Appellants.

Elizabeth Fulton Morrison, of Whelan Mellen & Norris, LLC, of Charleston, for Respondent.

---

**PER CURIAM:** Minor children—A.M.L., J.J.L., R.D.M., J.J.G., and S.T.S. (Appellants)—appeal the circuit court's order granting Wright Directions Family Services, LLC's (Respondent's) motion for costs. On appeal, Appellants argue the

circuit court erred in (1) awarding Respondent $7,811.44 in costs for its document production and redaction of Appellants' records because the award was excessive and (2) failing to impose sanctions on Respondent.[1]  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the circuit court did not abuse its discretion by granting Respondent's motion for costs for its employees' labor for compiling, reviewing, and redacting 4,576 pages of Appellants' medical records.  *See Black v. Roche Biomedical Lab'ys, a Div. of Hoffman-LaRoche, Inc.*, 315 S.C. 223, 229, 433 S.E.2d 21, 25 (Ct. App. 1993) (applying an abuse of discretion in reviewing an award of costs); *Peterson v. Nat'l R.R. Passenger Corp.*, 365 S.C. 391, 402, 618 S.E.2d 903, 908 (2005) ("An appellate court will not overturn a [circuit] court's decision to award costs unless there has been an abuse of discretion.").  Respondent provided the circuit court an affidavit from its Chief Executive Officer (CEO), in which the CEO testified about the amount of time Respondent's four employees spent reviewing the records and those employees' hourly rates.  *See Hueble v. S.C. Dep't of Nat. Res.*, 416 S.C. 220, 232, 785 S.E.2d 461, 467 (2016) ("An abuse of discretion occurs when the conclusions of the [circuit] court are either controlled by an error of law or are based on unsupported factual conclusions." (quoting *Kiriakides v. Sch. Dist. of Greenville Cnty.*, 382 S.C. 8, 20, 675 S.E.2d 439, 445 (2009))); 45 C.F.R. § 164.524(c)(4)(i) to (ii), (iv) (2014) (stating an entity holding an individual's health information "may impose a reasonable, cost-based fee, provided that the fee includes only the cost of: (i) [l]abor for copying the protected health information . . . ; (ii) [s]upplies for creating the paper copy . . . ; and (iv) [p]reparing an explanation or summary of the protected health information").

2.  We hold the circuit court did not abuse its discretion by denying Appellants' request for sanctions based on Appellants' allegation that Respondent submitted fraudulent billing records because the circuit court considered the evidence presented, including Appellants' expert witness's testimony and Respondent's affidavit, and exercised its discretion to refuse to impose sanctions.  *See Johnson v. Dailey*, 318 S.C. 318, 323, 457 S.E.2d 613, 616 (1995) ("A [circuit] court's ruling

---

[1] As to the appealability of this case, we hold, under the facts of this case, the circuit court's order granting Respondent's motion for costs was a final judgment and concluded the action initiated by Appellants' complaint for specific performance.  *See Tillman v. Tillman*, 420 S.C. 246, 248, 801 S.E.2d 757, 759 (Ct. App. 2017) ("Generally only final judgments are appealable."); *Doe v. Howe*, 362 S.C. 212, 216, 607 S.E.2d 354, 356 (Ct. App. 2004) ("'Final judgment' is a term of art referring to the disposition of all the issues in the case.").

on sanctions will not be disturbed absent a clear abuse of discretion."); *Runyon v. Wright*, 322 S.C. 15, 19, 471 S.E.2d 160, 162 (1996) ("An abuse of discretion may be found if the conclusions reached by the lower court are without reasonable factual support."); Rule 11(a), SCRCP (explaining that an attorney's signature on a motion "constitutes a certificate by him that he has read the pleading, motion[,] or other paper[ and] that to the best of his knowledge, information[,] and belief there is good ground to support it"); *id.* (allowing a court to "impose . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading . . . including a reasonable attorney's fee"); *Runyon*, 322 S.C. at 19, 471 S.E.2d at 162 ("[A] party and/or the party's attorney may be sanctioned for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments."); *id.* ("The sanction may include an order to pay the reasonable costs and attorney's fees incurred by the party or parties defending against the frivolous action or action brought in bad faith, [or] a reasonable fine to be paid to the court . . . .").

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.